UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | |
|---|---|
| DANNY GALLAGHER,<br><br>            Plaintiff,<br><br>      vs.<br><br>MATERNITYWISE INTERNATIONAL, LLC, ANNE CROUDACE, ELIZBETH ANOATUBBY, EMILEE SALDAYA, RACHAEL BROWN, JENNA CHIDESTER, STEPHANIE GILBERT, JORDAN ASHLEY HOCKER, BETHANY KIRILLOVA, SAMANTHA LAJOIE, AERIN LUND, KATE PAVLOVSKY, CHANNA JAYDE WALZ, MADDISON WEIKLE, ESME WHRITENOUR, NICOLETTE RAYMOND, ELIZABETH GEFTAKYS, JULIE BELL, CARA GWIZD, HOLLY LEPPARD-WESTHAVER, ELOISE VICTORIA, JANE DOE ONE,  JANE DOE TWO, JANE DOE THREE,  DOES 1-10, INCLUSIVE;<br><br>            Defendants. | CIV. NO. 18-00364 LEK-KJM |

**ORDER GRANTING IN PART AND DENYING IN PART:
1) DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S SECOND
AMENDED COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL;
2) DEFENDANT LUND'S JOINDER; AND 3) DEFENDANT SALDAYA'S JOINDER**

On December 14, 2018, Specially Appearing Defendants

MaternityWise International, LLC ("MaternityWise"), Christy Anne

Croudace ("Croudace"), Jane Hopaki ("Hopaki"), Stephanie Byers

("Byers"), Bethany Ellen Kirillov ("Kirillov"), Kate Pavlovsky

("Pavlovsky"), and Madison Sisley Boulter ("Boulter" and

collectively "MaternityWise Defendants"),[1] filed their Motion to Dismiss Plaintiff's Second Amended Complaint for Damages and Demand for Jury Trial ("Motion"). [Dkt. no. 49.] On December 19, 2018, Specially Appearing Defendant Aerin Lund ("Lund") filed her joinder of simple agreement to the Motion, and on December 28, 2018, Specially Appearing Defendant Emilee Saldaya ("Saldaya") filed her joinder of simple agreement to the Motion ("the Joinders"). [Dkt. nos. 52, 55.] Plaintiff Danny Gallagher ("Plaintiff") filed his memorandum in opposition on January 4, 2019, and the MaternityWise Defendants filed their reply on January 11, 2018.[2] [Dkt. nos. 57, 60.] These matters came on for hearing on January 25, 2019. The MaternityWise Defendants' Motion and the Joinders are hereby granted in part and denied in part as this Court does not have personal jurisdiction over the parties other than MaternityWise, Croudace, and Boulter. The dismissal is without prejudice and Plaintiff has leave to amend.

---

[1] Plaintiff identifies Hopaki as "Elizbeth Anoatubby," [Second Amended Complaint at ¶ 6,] Byers as "Stephanie Gilbert," [id. at ¶ 10,] and Boulter as "Maddison Weikle," [id. at ¶ 17].

[2] The MaternityWise Defendants later submitted a Notice of Errata to Specially Appearing Defendants' Reply in Support of Motion to Dismiss Plaintiff's Second Amended Complaint, filed on January 14, 2019. [Dkt. no. 61.]

The instant action involves various claims, including those for defamation, as a result of comments about Plaintiff which were made on social media; specifically Facebook.  Due to the global reach of this popular social networking website, individuals sued in this matter apparently reside in various places throughout the United States as well as other countries.  At the heart of the Motion is this issue: where the acts alleged as the basis for the cause of actions occurred in cyberspace, can personal jurisdiction ever exist?

## BACKGROUND

Plaintiff filed his original complaint on September 25, 2018 based on diversity jurisdiction.  [Dkt. no. 1.]  The operative pleading relevant to the issues at hand is Plaintiff's Second Amended Complaint for Damages and Demand for Jury Trial ("Second Amended Complaint") filed on October 4, 2018, in which the defendants are the MaternityWise Defendants, Saldaya, Lund, Rachel Brown ("Brown"), Jenna Chidester ("Chidester"), Jordan Ashley Hocker ("Hocker"), Samantha Lajoie ("Lajoie"), Channa Jayde Walz ("Walz"), Esme Whritenour ("Whritenour"), Nicolette Raymond ("Raymond"), Elizabeth Geftakys ("Geftakys"), Julie Bell ("Bell"), Cara Gwizd ("Gwizd"), Holly Leppard-Westhaver ("Leppard-Westhaver"), Eloise

Victoria ("Victoria" and collectively "Defendants").[3] [Dkt. no. 33.]

According to the Second Amended Complaint, Plaintiff is a resident of the State of Hawai`i, and MaternityWise is a limited liability company that "acquir[ed] its charter under the laws" of New York, with its principal place of business in Texas. [Id. at ¶¶ 3-4.] Croudace is a citizen of Texas, and is the principal of MaternityWise. [Id. at ¶¶ 5, 36.] Plaintiff alleges all other named defendants are not citizens of the State of Hawai`i, and some are not citizens of the United States. [Id. at pgs. 3-5.] The gravamen of Plaintiff's claims is that Defendants have all made defamatory statements about Plaintiff via social media, which have gone "viral." [Id.] As a result, he has been irreparably harmed. [Id. at ¶ 33.]

The allegations pertinent to the Motion at hand are that: MaternityWise provides a doula training and certification program in exchange for a fee; Croudace is certified through MaternityWise to train prospective doulas; Croudace and MaternityWise use Facebook and various social media discussion

---

[3] Plaintiff also identifies Brown as "Rachael Phoenix" and Geftakys as "Becca Russell." [Second Amended Complaint at ¶¶ 8, 20.] Plaintiff later dismissed all of his claims without prejudice against Hocker on November 30, 2018, and on December 13, 2018, Plaintiff dismissed all of his claims without prejudice against Geftakys. [Dkt. nos. 40, 48.]

groups to market the MaternityWise program to every state and country – including the State of Hawai`i – to find both clients and students; some of the doula training workshops are marketed towards, and held in Hawai`i; and Plaintiff obtained his doula certification through a MaternityWise training workshop held in Hawai`i. [Id. at ¶¶ 34, 39, 40-42.]

As to the alleged defamation, Plaintiff's claims center on two sources of defamation – first, a "Memorandum of Official Statement" dated June 5, 2018 ("MaternityWise Memorandum") sent by Croudace, in which Plaintiff was accused of violating the ethical and professional standards of his profession as a photographer and doula; and, second, comments posted on Plaintiff's Facebook page, in which he is accused of rape, attempted murder, sexual exploitation, prostitution, "pimping," and/or sexual harassment. [Id. at ¶ 120.]

In the Motion, the MaternityWise Defendants seek dismissal of Plaintiff's Second Amended Complaint for lack of personal jurisdiction, improper venue, and failure to properly serve the Second Amended Complaint upon the MaternityWise Defendants but do not specify whether dismissal should be made with or without prejudice.

**DISCUSSION**

## I.    <u>Personal Jurisdiction</u>

In considering a motion brought under Fed. R. Civ. P. 12(b)(2) for lack of personal jurisdiction, this Court has stated:

> A plaintiff has the burden of establishing personal jurisdiction over a nonresident defendant.  <u>See</u> <u>Love v. Associated Newspapers, Ltd.</u>, 611 F.3d 601, 608 (9th Cir. 2010); <u>Schwarzenegger v. Fred Martin Motor Co.</u>, 374 F.3d 797, 800 (9th Cir. 2004).  A plaintiff must establish personal jurisdiction over a defendant with respect to each claim.  <u>Action Embroidery Corp. v. Atl. Embroidery, Inc.</u>, 368 F.3d 1174, 1180 (9th Cir. 2004) ("Personal jurisdiction must exist for each claim asserted against a defendant." (citing <u>Data Disc, Inc. v. Sys. Tech. Assocs., Inc.</u>, 557 F.2d 1280, 1289 n.8 (9th Cir. 1977))).
>
> When, as here, a district court acts on a motion to dismiss without holding an evidentiary hearing, a plaintiff need only make a prima facie showing of jurisdictional facts to withstand the motion to dismiss.  <u>Love</u>, 611 F.3d at 608; <u>Schwarzenegger</u>, 374 F.3d at 800.  Although a plaintiff may not simply rest on the bare allegations of the complaint, uncontroverted allegations in the complaint must be taken as true, and conflicts between parties over statements contained in affidavits or declarations must be resolved in the plaintiff's favor.  <u>See</u> <u>Love</u>, 611 F.3d at 608; <u>Schwarzenegger</u>, 374 F.3d at 800.

<u>Barranco v. 3D Sys. Corp.</u>, 6 F. Supp. 3d 1068, 1076 (D. Hawai`i 2014) (some citations omitted).

> The district court considers two factors before exercising personal jurisdiction over a nonresident defendant in a diversity of

6

citizenship case: "(1) whether an applicable state rule or statute potentially confers jurisdiction over the defendant; and (2) whether assertion of such jurisdiction accords with constitutional principles of due process." <u>Flynt Distrib. Co. v. Harvey</u>, 734 F.2d 1389, 1392 (9th Cir. 1984). "The jurisdictional inquiries under state law and federal due process merge into one analysis" when, as here, the state's long-arm statute is "coextensive with federal due process requirements." <u>Roth v. Garcia Marquez</u>, 942 F.2d 617, 620 (9th Cir. 1991). <u>See</u> <u>Cowan v. First Ins. Co. of Hawaii</u>, 61 Haw. 644, 649, 608 P.2d 394, 399 (1980) (Hawaii's long-arm statute, Haw. Rev. Stat. § 634-35, was adopted to expand the jurisdiction of Hawaii's courts to the extent permitted by the due process clause of the Fourteenth Amendment). . . .

The Due Process Clause protects a person's "liberty interest in not being subject to the binding judgments of a forum with which he has established no meaningful 'contacts, ties, or relations.'" <u>Burger King Corp. v. Rudzewicz</u>, 471 U.S. 462, 471-72 (1985) (quoting <u>Int'l Shoe Co. v. Washington</u>, 326 U.S. 310, 319 (1945)). The Due Process Clause requires that defendants have "certain minimum contacts with [Hawaii] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." <u>Int'l Shoe</u>, 326 U.S. at 316; <u>Data Disc, Inc. v. Systems Tech. Assocs., Inc.</u>, 557 F.2d 1280, 1287 (9th Cir. 1977). The minimum contacts required mean that the defendant must have purposefully availed itself of the privilege of conducting activities within the foreign jurisdiction, thereby invoking the benefits and protections of the foreign jurisdiction's laws. <u>See</u> <u>Asahi Metal Indus. Co. v. Sup. Court of Cal.</u>, 480 U.S. 102, 109 (1987). In applying Due Process Clause requirements, courts have created two jurisdictional concepts—general and specific jurisdiction.

A court may exercise general jurisdiction over the defendant when the defendant is a resident or domiciliary of the forum state, or

the defendant's contacts with the forum state are
continuous, systematic, and substantial.
Helicopteros Nacionales de Columbia, S.A. v.
Hall, 466 U.S. 408, 414-16 [104 S. Ct. 1868, 80
L. Ed. 2d 404 (1984)]; Data Disc, 557 F.2d at
1287. . . .

. . . .

Specific jurisdiction, on the other hand,
may be found when the cause of action arises out
of the defendant's contact or activities in the
forum state. See Roth v. Garcia Marquez, 942
F.2d 617, 620 (9th Cir. 1991); Data Disc, 557
F.2d at 1287. . . .

Id. at 1077-78 (some alterations in Barranco) (some citations

omitted). Moreover, Plaintiff must demonstrate that the Court

has personal jurisdiction over each of the defendants. See Rush

v. Savchuk, 444 U.S. 320, 332 (1980) ("The requirements of

International Shoe, however, must be met as to each defendant

over whom a state court exercises jurisdiction.").

A.   **General Jurisdiction**

"For an individual, the paradigm forum for the

exercise of general jurisdiction is the individual's domicile;

for a corporation, it is an equivalent place, one in which the

corporation is fairly regarded as at home." Goodyear Dunlop

Tires Operations, S.A. v. Brown, 564 U.S. 915, 924 (2011)

(citation omitted). Plaintiff argues this Court has general

jurisdiction over MaternityWise and Croudace because they

conduct business, advertise, and hold trainings in Hawai`i, and

are thus essentially present in the forum. [Mem. in Opp. at 7;

8

Second Amended Complaint at ¶¶ 39-44.] The MaternityWise
Defendants argue MaternityWise's certification trainings occur
in Hawai`i approximately once a year, and the last training held
in Hawai`i was conducted from April 25 to April 28, 2018.
[Reply, Decl. Kevin A. Yolken ("Yolken Decl."), at ¶ 6.[4]]

Although MaternityWise conducts some of its trainings
in the forum and advertises its workshops in Hawai`i, Plaintiff
has not shown that general jurisdiction exists. First,
Plaintiff alleges MaternityWise advertises its business to
"residents of every state and country," in addition to Hawai`i.
[Second Amended Complaint at ¶ 39.] Second, Plaintiff's Exhibit
15 demonstrates that MaternityWise offers doula training not
only in Hawai`i, but also Illinois, Florida, California,
Minnesota, Maryland, South Carolina, Atlanta, Texas, and New
York, [Decl. of Danny Gallagher in supp. of mem. in opp.
("Gallagher Decl."), filed 1/4/19 (dkt. no. 58), Exh. 15
(screenshot of www.maternitywise.com),] and appears to permit
website users to "request more doula trainings" for the rest of
the United States, including Washington D.C. and the Virgin
Islands. [Gallagher Decl., Exh. 18 (screenshot of
www.maternitywise.com/doulatrainingdates).] It can hardly be

---

[4] Kevin A. Yolken is one of the attorneys retained to
specially represent the MaternityWise Defendants in this matter.
[Yolken Decl. at ¶ 2.]

(. . . continued)

said that MaternityWise is "at home" in Hawai`i, when it conducts business and advertises its workshops across the United States.[5] See Daimler AG v. Bauman, 571 U.S. 117, 139 n.20 (2014) ("General jurisdiction [] calls for an appraisal of a corporation's activities in their entirety, nationwide and worldwide. A corporation that operates in many places can scarcely be deemed at home in all of them."); see also Goodyear, 564 U.S. at 919 ("A court may assert general jurisdiction over foreign (sister-state or foreign-country) corporations to hear any and all claims against them when their affiliations with the State are so 'continuous and systematic' as to render them essentially at home in the forum State." (quoting International Shoe, 326 U.S. at 317)). Accordingly, the Court finds that it does not have general jurisdiction over MaternityWise.

With regard to Croudace, the primary focus is her domicile. See Daimler, 571 U.S. at 137. Plaintiff alleges Croudace is domiciled in, and is a citizen of Texas, see Second Amended Complaint at ¶ 5, while the MaternityWise Defendants assert Croudace resides in New York. See Reply at 5; Yolken Decl. at ¶ 3. In any case, neither assertion indicates that

---

[5] Exhibit 18 offers a link titled "Outside of the USA, **Click Here**" on its Labor Doula Training Workshops & Postpartum Doula Training and Certification page, suggesting MaternityWise also advertises to consumers beyond the United States. [Gallagher Decl., Exh. 18 at pg. 7 (emphasis in original).]

Croudace is domiciled in Hawai`i, therefore the Court finds

general jurisdiction over Croudace is not appropriate in

Hawai`i.

### B.   **Specific Jurisdiction**

In the alternative, Plaintiff argues this Court has

specific jurisdiction over all Defendants.  The Ninth Circuit

applies the following three-part test to determine whether

personal jurisdiction exists:

> (1)  The non-resident defendant must
> purposefully direct his activities or
> consummate some transaction with the forum
> or resident thereof; or perform some act by
> which he purposefully avails himself of the
> privilege of conducting activities in the
> forum, thereby invoking the benefits and
> protections of its laws;
>
> (2)  the claim must be one which arises out
> of or relates to the defendant's forum-
> related activities; and
>
> (3)  the exercise of jurisdiction must
> comport with fair play and substantial
> justice, i.e. it must be reasonable.

> Lake v. Lake, 817 F.2d 1416, 1421 (9th Cir.
> 1987).  The plaintiff bears the burden of
> satisfying the first two prongs of the test.
> Sher [v. Johnson], 911 F.2d [1357,] 1361 [(9th
> Cir. 1990)].  If the plaintiff fails to satisfy
> either of these prongs, personal jurisdiction is
> not established in the forum state.  If the
> plaintiff succeeds in satisfying both of the
> first two prongs, the burden then shifts to the
> defendant to "present a compelling case" that the
> exercise of jurisdiction would not be reasonable.
> Burger King Corp. v. Rudzewicz, 471 U.S. 462,
> 476-78, 105 S. Ct. 2174, 85 L. Ed. 2d 528
> (1985). . . .

Schwarzenegger, 374 F.3d at 802.  With regard to the first prong

of the specific jurisdiction test, the Ninth Circuit generally

looks to a party's "purposeful direction" for actions sounding

in tort, and "purposeful availment" for actions sounding in

contract.  See id. at 802-03.  In evaluating purposeful

direction, the Ninth Circuit uses a three-part "effects" test

derived from the United States Supreme Court's decision in

Calder v. Jones, 465 U.S. 783 (1984).[6]  See Dole Food Co. v.

Watts, 303 F.3d 1104, 1111 (9th Cir. 2002).  "[T]he Calder

'effects' test requires that the defendant allegedly have

(1) committed an intentional act, (2) expressly aimed at the

forum state, (3) causing harm that the defendant knows is likely

to be suffered in the forum state."  Id. (citations omitted).

    **1.   Purposeful Direction**

       **a.   MaternityWise and Croudace**

Although Plaintiff's allegations that MaternityWise

and Croudace conduct business in Hawai`i failed to establish

general jurisdiction, the Court finds the same factual

allegations are enough to establish specific personal

jurisdiction.  See Yahoo! Inc. v. La Ligue Contre Le Racisme Et

---

[6] In Calder, the Supreme Court held that the California
court could exercise jurisdiction over two Florida newspapermen
who "expressly aimed" their conduct in Florida to allegedly
cause injuries to a resident in California.  465 U.S. at 783,
789.

L'Antisemitisme, 433 F.3d 1199, 1206 (9th Cir. 2006) ("[The first prong] may be satisfied by purposeful availment of the privilege of doing business in the forum; by purposeful direction of activities at the forum; or by some combination thereof.").  Because Plaintiff alleges MaternityWise and Croudace marketed and held doula trainings and workshops in Hawai`i, and Plaintiff was certified through one of their Hawai`i training workshops, Plaintiff has pled sufficient facts to show MaternityWise and Croudace purposefully directed their activities at the forum, to meet the first prong of the specific jurisdiction test.

### b.    **Hopaki, Byers, Kirillov, and Pavlovksy**

As to Hopaki, Byers, Kirillov, and Pavlovksy, the Court has carefully examined Plaintiff's allegations and the evidence as to each defendant to determine whether any grounds for specific personal jurisdiction may exist.  None of the parties dispute that the acts alleged in the Second Amended Complaint were intentional.  The dispositive issue here is whether the defendants "expressly aimed" their injurious conduct at Plaintiff, such that they knew harm would be suffered in Hawai`i.  See id.  Plaintiff argues all Defendants directed

their defamatory statements toward his Facebook business pages,[7] which promoted his doula and photography work in Hawai`i, thereby purposefully directing their conduct at the forum. Plaintiff also submitted screenshots of the comments on his Danny the Doula business page, and his Maternity in Motion business page to show that his primary business location and his residence in Hawai`i were readily apparent. See Gallagher Decl. at ¶¶ 7-10, Exh. 1 (screenshot of Danny the Doula Facebook business page "Reviews" tab, Exh. 2 (screenshot of Maternity in Motion Facebook business page). Plaintiff asserts his Danny the Doula page was linked to his Maternity in Motion page, and the Maternity in Motion page clearly displayed photography and videography taken in Hawai`i. [Id. at ¶¶ 8, 10.] Plaintiff states both pages are meant to have the "feel of Hawaii," based on the Hawaiian imagery and language used in his posts. [Id. at ¶ 10.] Specifically, Plaintiff asserts that, on June 3, 2018, a Facebook user named Chrystal Docker – who is not a part of this action – posted a comment on the Danny the Doula Reviews tab, then posted a subsequent reply to her initial comment, that Plaintiff is from Hawai`i. [Id. at ¶ 8, Exh. 1 at 2.]

---

[7] Plaintiff maintains two Facebook business pages, titled "Danny the Doula" and "Maternity in Motion," to promote his professional work as a doula and photographer/videographer. [Gallagher Decl. at ¶ 5.]

However, Plaintiff's Maternity in Motion business page does not expressly state Plaintiff's primary place of business is Hawai`i and instead shows Plaintiff's described professional goal is to "travel the world, telling the stories of our world's birthers and their journeys as creators of life." [Reply at 10-11 (citing Gallagher Decl., Exh. 8 (screenshot of Maternity in Motion "About" section)).] While it is possible that Plaintiff's photographs containing waterfalls and other landscape, could be recognized by some as being taken in Hawai`i, it is apparent that these photographs are not explicitly identified as having been taken there.

When combined with the lack of Hawai`i being expressly mentioned on Plaintiff's business page, the reasonable inference is that nothing on Plaintiff's business pages or his photography work displayed of Facebook identifies Plaintiff as living or working in Hawai`i. Plaintiff is unable to meet his burden of proof in demonstrating that Hopaki, Byers, Kirillov, and Pavlovksy knew Plaintiff lived and operated his businesses in Hawai`i, and directed their comments at the forum. There is no express statement that Plaintiff's businesses are located in Hawai`i on either of Plaintiff's business pages, and Plaintiff's counsel was unable to identify any at the hearing. Plaintiff's photographs, though labeled with "#Oahu," "#Maui," and "#Japan," in the information above some of the images, see Gallagher

Decl., Exh. 2, appear to be posted only on Plaintiff's Maternity
in Motion business page, not the Danny the Doula business page
where the allegedly defamatory comments appear to be directed;
and Plaintiff has not demonstrated either Hopaki, Byers,
Kirillov, or Pavlovksy accessed both business pages.  Further,
Plaintiff's argument that Ms. Docker stated Plaintiff is "in
Hawaii" is unavailing.  Plaintiff explained the "Reviews tab
showed as many comments and replies **as the site allowed to open
at one time** in order to take an accurate view of all information
on the tab(s)."  [Gallagher Decl. at ¶ 6 (emphasis added).]
However, Plaintiff neither argued nor submitted other evidence
that Hopaki, Byers, Kirillov, or Pavlovksy "opened" Ms. Docker's
comment or reply in order to view it.  Nor does the Second
Amended Complaint plead any additional non-conclusory facts that
Defendants knew or should have known that Plaintiff was based in
Hawai`i.  For example, Plaintiff simply alleges "[a]ll
defendants . . . [were] fully aware that plaintiff lived in
Hawaii and that plaintiff was a professionally practicing doula
and photographer in the state of Hawaii."  [Second Amended
Complaint at ¶ 141.]  Plaintiff fails to explain, however, how
and why Defendants should have known he was in Hawai`i – such as
an express statement on a Facebook page or prior interaction
with Plaintiff – in order to plausibly allege that Defendants
knew Plaintiff lived and worked in Hawai`i.  See Ashcroft v.

*Iqbal*, 556 U.S. 662, 678 (2009) ("Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief". (citation and internal quotation marks omitted)).

Plaintiff has not met the first prong of the specific jurisdiction test as to these defendants and, therefore, the Court need not address the second or third prongs of the specific jurisdiction test. It concludes that it does not have personal jurisdiction over Hopaki, Byers, Kirillov, and Pavlovsky. See Schwarzenegger, 374 F.3d at 802 ("If the plaintiff fails to satisfy either [the first or second] prongs, personal jurisdiction is not established in the forum state."). Accordingly, the Motion is granted insofar as Plaintiff's claims are dismissed as to Hopaki, Byers, Kirillov, and Pavlovksy.

### c. **Boulter**

Boulter presents the only exception to the analysis above. Boulter commented on Plaintiff's Danny the Doula business page and received a direct reply from Ms. Docker that Plaintiff was "in Hawaii." [Gallagher Decl., Exh. 1 at 1.] Boulter also commented on the Reviews tabs on Plaintiff's Danny the Doula and Maternity in Motion business pages. [Id., Exh. 2 at 2.] Because Boulter was told where Plaintiff resides, and viewed both the Danny the Doula and Maternity in Motion business

pages that had photographs of Plaintiff's business in Hawai`i,
it is reasonable to infer that Boulter knew Plaintiff lived and
worked in Hawai`i, and directed her comments at Plaintiff's
business pages with the intent of injuring his business in the
forum.  Such was the case in Jason Scott Collection Inc. v.
Trendily Furniture LLC, No. CV. 17-02712-PHX-JJT, 2017 WL
6888514, at *1 (D. Ariz. Oct. 25, 2017).  There, the plaintiff
brought suit in the United States District Court for the
District of Arizona, alleging copyright infringement.  The
Arizona district court found that the nonresident defendant sold
allegedly infringing pieces of furniture in the same market as
Plaintiff, thereby "taking aim at Plaintiff's copyrights and
undermining Plaintiff's business," and ruled that it had
personal jurisdiction over the defendant.  Id. at *3.  Trendily
distinguished its ruling from Walden v. Fiore, 571 U.S. 277
(2014), and Picot v. Weston, 780 F.3d 1206 (9th Cir. 2015),
noting both cases involved interference with personal finances,
which affected the plaintiffs personally, regardless of their
state of residence.  Id.  The MaternityWise Defendants also cite
to Walden and Picot in support of their position.  However, the
Court finds the analysis in Trendily persuasive and applicable
to the situation at hand because Boulter knew Plaintiff resided
and worked in Hawai`i, and directed her allegedly defamatory
comments at the forum to undermine his Hawai`i business.  Thus,

the first prong of the specific jurisdiction test is met, as to
Boulter.

### d. Lund, Saldaya, Brown, Chidester, Walz, Whritenour, Raymond, Bell, Gwizd, Leppard-Westhaver, and Victoria

Because Lund and Saldaya only filed joinders of simple
agreement,[8] and neither Brown, Chidester, Walz, Whritenour,
Raymond, Bell, Gwizd, Leppard-Westhaver, nor Victoria have filed
any joinder in the Motion, the Court is not required to address
personal jurisdiction as to these defendants. See Pakootas v.
Teck Cominco Metals, Ltd., 452 F.3d 1066, 1076 (9th Cir. 2006)
("Because a party can waive personal jurisdiction, [a court is]
not required to consider it sua sponte.").  However, in the
interest of judicial economy, the Court finds that the foregoing
purposeful direction analysis applies equally to Lund, Saldaya,
Brown, Chidester, Walz, Whritenour, Raymond, Bell, Gwizd,
Leppard-Westhaver, and Victoria because Plaintiff has neither
pled facts in the Second Amended Complaint nor presented
evidence in connection with the Motion to establish that these

---

[8] This Court has previously explained that the Local Rules
distinguish between substantive joinders and joinders of simple
agreement, particularly with regard to the relief obtained by
the joining party.  See Hyland v. Office of Hous. & Cmty. Dev.,
CIVIL 15-00504 LEK-RLP, 2018 WL 4119903, at *3 (D. Hawai`i
Aug. 29, 2018) ("A party filing a substantive joinder may
'seek[] the same relief sought by the movant for himself,
herself, or itself,' whereas a joinder of simple agreement
'simply seek[s] relief for the original movant.'" (alterations
in Hyland) (quoting Local Rule LR7.9)).

19

defendants were aware Plaintiff lived and worked in Hawai`i.
Thus, Plaintiff has not established the first prong of the
specific jurisdiction test as to those defendants.  There is,
therefore, no personal jurisdiction over Lund, Saldaya, Brown,
Chidester, Walz, Whritenour, Raymond, Bell, Gwizd, Leppard-
Westhaver, and Victoria, and Plaintiff's claims against those
defendants are dismissed as well.

### 2. Defendant's Forum Related Activities

Because Plaintiff alleges his injuries arise out of
MaternityWise's and Croudace's business in Hawai`i, *i.e.*, the
doula certification program, the second prong of the specific
jurisdiction test is also met.  As to Boulter, Plaintiff's
alleged injuries necessarily arise from Boulter's intentional
interaction with the forum, *i.e.*, posting comments on
Plaintiff's Facebook business pages that Boulter knew or should
have known were based in Hawai`i.  Thus, the second prong of the
specific jurisdiction test is met as to Boulter as well.

### 3. Reasonableness of Exercise of Jurisdiction

Because Plaintiff has established the first two prongs
of the specific jurisdiction test as to MaternityWise, Croudace,
and Boulter ("Remaining Defendants"), the burden shifts to them
to show that the exercise of jurisdiction would not be
reasonable.  See Schwarzenegger, 374 F.3d at 802.  This Court
previously stated:

20

In determining whether exercise of jurisdiction is reasonable so as to comport with fair play and substantial justice, courts must consider the following factors:

> (1)  the extent of the defendants' purposeful interjection into the forum state's affairs;
>
> (2)  the burden on the defendant of defending in the forum;
>
> (3)  the extent of conflict with the sovereignty of the defendants' state;
>
> (4)  the forum state's interest in adjudicating the dispute;
>
> (5)  the most efficient judicial resolution of the controversy;
>
> (6)  the importance of the forum to the plaintiff's interest in convenient and effective relief; and
>
> (7)  the existence of an alternative forum.

> Fiore [v. Walden], 688 F.3d [558, 583–84 (9th Cir. 2011)].  The Court balances all seven factors, recognizing that none of the factors is dispositive in itself.  Id.

> [Trade W., Inc. v. Dollar Tree, Inc., Civ. No. 12-00606 ACK–BMK, 2013 WL 1856302, at *7 (D. Hawaii Apr. 30, 2013)].

Barranco, 6 F. Supp. 3d at 1082 (alterations in Barranco).

Here, the Remaining Defendants argue generally that the exercise of jurisdiction would be unreasonable because they have not purposefully or expressly targeted Hawai`i, and the burden of

defending this action in the forum would be extremely great.

[Mem. in Supp. of Motion at 13.]

### a.   <u>Purposeful Interjection</u>

This Court previously stated:

> "The Ninth Circuit has recognized that
> 'circumstances may exist where the level of
> purposeful injection into the forum supports a
> finding of purposeful availment yet still weighs
> against the reasonableness of jurisdiction.'"
> [<u>Trade West</u>, 2013 WL 1856302, at *7] (internal
> quotation marks omitted) (quoting <u>Fiore</u>, 688 F.3d
> at 583). "'The smaller the element of purposeful
> interjection, the less is jurisdiction to be
> anticipated and the less reasonable its
> exercise.'" <u>Id.</u> (quoting <u>Ins. Co. of N. Am. v.
> Marina Salina Cruz</u>, 649 F.2d 1266, 1271 (9th Cir.
> 1981)).

<u>Barranco</u>, 6 F. Supp. 3d at 1082. MaternityWise and Croudace

have purposefully interjected themselves into the forum by

advertising and doing business in Hawai`i, therefore, this

factor weighs in favor of Plaintiff. As to Boulter, because her

interjection arose merely from her comments on Plaintiff's

Facebook pages, the Court finds the level of Boulter's

purposeful interjection into Hawai`i is slight, and this factor

weighs in favor of Boulter.

### b.   <u>Burden on the Defendant</u>

The Remaining Defendants argue the burden of defending

in the forum is great where all of the Defendants are located

thousands of miles from Hawai`i. The Ninth Circuit has

cautioned that, "unless the inconvenience is so great as to

constitute a deprivation of due process, it will not overcome clear justifications for the exercise of jurisdiction." Panavision Int'l, LP v. Toeppen, 141 F.3d 1316, 1323 (9th Cir. 1998) (citations and internal quotation marks omitted). Further, this district court has recognized that advancements in communication and transportation have reduced the overall inconvenience of defending in another forum. See Kukui Gardens Corp. v. Holco Capital Grp., Inc., 664 F. Supp. 2d 1103, 1116 (D. Hawai`i 2008) (citations omitted). This factor therefore weighs in favor of Plaintiff.

### c.    Conflict with State Sovereignty

The Remaining Defendants have not addressed whether proceeding in the forum would conflict with the sovereignty of any of the states in which they reside. Plaintiff asserts no conflict exists because it is "Plaintiff's reputation and business in Hawaii that was destroyed and must be protected." [Mem. in Opp. at 20.] Even if the Remaining Defendants had presented any argument, the "sovereignty of a defendant's state is not a significant consideration in actions between citizens of the United States." Kukui Gardens, 664 F. Supp. 2d at 1116 (citing Decker Coal Co. v. Commonwealth Edison Co., 805 F.2d 834, 841 (9th Cir. 1986)). Accordingly, this factor weighs in favor of Plaintiff.

### d.   <u>Interest of Hawai\`i</u>

> "Hawaii has a strong interest in providing an effective means of redress for its residents who are tortiously injured." <u>Resnick [v. Rowe]</u>, 283 F. Supp. 2d [1128,] 1141 [(D. Hawai\`i 2003)] (citation and internal quotation marks omitted). "A state generally has a 'manifest interest' in providing its residents with a convenient forum for redressing injuries inflicted by out-of-state actors." <u>Burger King</u>, 471 U.S. at 473, 105 S. Ct. 2174.

<u>Barranco</u>, 6 F. Supp. 3d at 1083. Since Plaintiff is a resident of Hawai\`i, this factor weighs in his favor.

### e.   <u>Efficiency</u>

This factor "'focuses on the location of the evidence and witnesses[,]' and is 'no longer weighed heavily given the modern advances in communication and transportation.'" <u>Id.</u> (other citation omitted) (citing <u>Panavision</u>, 141 F.3d at 1323). Based on Plaintiff's allegations, the evidence of the harm suffered by him is in Hawai\`i, and all other evidence is accessible online. However, since neither of the Remaining Defendants reside in Hawai\`i and any travel will be costly, there will be some additional expense in bringing in witnesses. On balance, the Court finds this factor is neutral.

### f.   **Convenient and Effective Relief for Plaintiff**

Hawai\`i is the more convenient forum for Plaintiff because he currently lives in Hawai\`i. Plaintiff asserts his business is primarily in Hawai\`i, and litigating in alternative

forums, as the Remaining Defendants suggest, would be unduly
burdensome because it would result in "twenty or so" separate
proceedings and would offend judicial economy and efficiency.
[Mem. in Opp. at 21.]  However, in evaluating this factor,
"little weight is given to the plaintiff's inconvenience."
Panavision, 141 F.3d at 1324 (citation omitted).  Additionally,
the acts of each defendant in this case were discreet, could be
judged individually, and therefore need not be tried together.
See Terracom v. Valley Nat.l Bank, 49 F.3d 555, 562 (9th Cir.
1995).  Because Plaintiff's inconvenience is given little
weight, this factor weighs in favor of the Remaining Defendants.

### g.    Existence of an Alternative Forum

Here, Plaintiff bears the burden of demonstrating no
alternative forum is available.  See Panavision, 141 F.3d at
1324.  The parties agree that alternative forums exist, although
Plaintiff argues filing in the forum of each defendant would be
unduly burdensome and against judicial economy.  Still, because
Plaintiff has not met his burden in demonstrating Hawai`i is the
only forum available, this factor weighs in favor of the
Remaining Defendants.

### h.    Summary of the Seven Factors

The second, third, and fourth factors weigh in favor
of jurisdiction in the forum, and the first factor partially
weighs in Plaintiff's favor insofar as it pertains to

MaternityWise and Croudace. The sixth and seventh factors weigh in favor of the Remaining Defendants, and the first factor as to Boulter weighs only slightly against jurisdiction. The fifth factor is neutral. The factors are nearly evenly split, if not slightly more in favor of Plaintiff. However, because the Remaining Defendants must present a "compelling case" against reasonableness, the third prong of the specific jurisdiction test is met. See Schwarzenegger, 374 F.3d at 802 (citation and internal quotation marks omitted).

In sum, all three prongs of the specific jurisdiction test have been met, and it is appropriate to exercise personal jurisdiction over MaternityWise, Croudace, and Boulter.

## C. **Leave to Amend**

Insofar as this Court has dismissed Plaintiff's claims against Hopaki, Byers, Kirillov, Pavlovksy, Lund, Saldaya, Brown, Chidester, Walz, Whritenour, Raymond, Bell, Gwizd, Leppard-Westhaver, and Victoria, the dismissal is without prejudice because it is possible that Plaintiff could amend his complaint to cure the deficiencies identified herein. See Sonoma Cty. Ass'n of Retired Emps. v. Sonoma Cty., 708 F.3d 1109, 1118 (9th Cir. 2013) ("As a general rule, dismissal without leave to amend is improper unless it is clear, upon de novo review, that the complaint could not be saved by any

amendment." (brackets, citation, and internal quotation marks omitted)).

## II.  <u>Venue</u>

The Remaining Defendants assert venue is improper here because the Second Amended Complaint does not allege any of the events occurred in the forum, and all of the evidence and witnesses are not in Hawai`i.  Venue is governed by 28 U.S.C. § 1391, which states in pertinent part:

> (b) Venue in general. – A civil action may be brought in –
>
>> (1)  a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>>
>> (2)  a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>>
>> (3)  if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

Here, section (b)(1) does not apply because all of the Remaining Defendants are not residents of a single state. However, section (b)(2) is applicable because the claims against the Remaining Defendants, appear to arise primarily out of Plaintiff's doula certification through MaternityWise, which

took place in Hawai`i, and Plaintiff alleges he suffered harm in Hawai`i.  See Miracle v. N.Y.P. Holdings, Inc., 87 F. Supp. 2d 1060, 1072-73 (D. Hawai`i 2000) (ruling that venue in Hawai`i for a defamation action against nonresident defendants was proper where "the harm [plaintiff] experienced as a result of the article occurred in Hawaii").  Therefore, venue is appropriate in Hawai`i.

Nonetheless, the Remaining Defendants assert this Court has the discretion to dismiss Plaintiff's Second Amended Complaint based on the doctrine of forum non conveniens.  The Ninth Circuit has stated the doctrine of forum non conveniens is "an exceptional tool to be employed sparingly, [not a] . . . doctrine that compels plaintiffs to choose the optimal forum for their claim."  Dole, 303 F.3d at 1118 (citation and internal quotation marks omitted) (alterations in Dole).  The moving party bears the burden of demonstrating that: (1) an adequate alternative forum exists; and (2) the balance of private and public interest factors weigh in favor of dismissal.  Lueck v. Sundstrand Corp., 236 F.3d 1137, 1142-43 (9th Cir. 2001).

In the instant matter, the Remaining Defendants suggest Plaintiff should file "separate actions where jurisdiction is appropriate, and if warranted, mov[e] to consolidate those actions through the mechanisms and procedures available."  [Reply at 6.]  The Remaining Defendants largely

rely on their position that personal jurisdiction does not exist, and have not presented any other persuasive arguments detailing how either the private or public factors should be considered. Because the Remaining Defendants have only addressed the first prong of the forum non conveniens analysis, they have failed to meet their burden in persuading this Court that dismissal based on the doctrine of forum non conveniens is warranted under these circumstances. The Court therefore denies the Motion as to the MaternityWise Defendants' arguments regarding venue.

## III. **Improper Service**

Finally, the Remaining Defendants argue Plaintiff has failed to properly serve the Second Amended Complaint, which is the operative complaint in this case. Because the Court has dismissed Plaintiff's claims against Hocker, Byers, Kirillov, and Pavlovsky, the Motion is DENIED AS MOOT as to those defendants.[9] However, since the Court has determined personal jurisdiction exists as to MaternityWise, Croudace, and Boulter, the Court reserves ruling on this issue and DIRECTS the parties to meet and confer regarding accepting service of the operative

---

[9] The Court declines to address this issue as to Lund, Saldaya, Brown, Chidester, Walz, Whritenour, Raymond, Bell, Gwizd, Leppard-Westhaver, and Victoria since the Court has ruled that it does not have personal jurisdiction over these defendants.

complaint. If Plaintiff files a third amended complaint and service of process issues arise, the Court DIRECTS the parties to meet and confer before submitting the issues to the magistrate judge.

## CONCLUSION

On the basis of the foregoing, the MaternityWise Defendants' Motion to Dismiss Plaintiff's Second Amended Complaint for Damages and Demand for Jury Trial, filed December 14, 2018, is HEREBY GRANTED IN PART AND DENIED IN PART. The Motion is GRANTED insofar as the Court concludes it does not have personal jurisdiction over Hopaki, Byers, Kirillov, and Pavlovsky, and all claims against those defendants are DISMISSED WITHOUT PREJUDICE; the remainder of the Motion as to those defendants is DENIED AS MOOT. The Motion is DENIED as to MaternityWise, Croudace, and Boulter with regard to personal jurisdiction and venue, and the Court RESERVES RULING on the portion of the Motion concerning service. The Joinders are also GRANTED IN PART AND DENIED IN PART because the Joinders merely support the relief sought by the MaternityWise Defendants. However, all of Plaintiff's claims against Lund, Saldaya, Brown, Chidester, Walz, Whritenour, Raymond, Bell, Gwizd, Leppard-Westhaver, and Victoria are HEREBY DISMISSED WITHOUT PREJUDICE, based on the Court's conclusion that it does not have personal jurisdiction over these defendants.

To the extent that Plaintiff's claims have been dismissed without prejudice, this Court GRANTS Plaintiff leave to file a third amended complaint consistent with the terms of this Order.  Plaintiff must file his third amended complaint by no later than **April 29, 2019**.  This Court CAUTIONS Plaintiff that, if he fails to file his third amended complaint by **April 29, 2019**, the claims which this Order dismissed without prejudice may be dismissed with prejudice.  Further, if Plaintiff's third amended complaint fails to cure the defects identified in this Order, this Court may dismiss those claims with prejudice.  If Plaintiff's third amended complaint attempts to add new parties, claims, or theories of liability, this Court may dismiss those claims, but without prejudice.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAI`I, February 27, 2019.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**DANNY GALLAGHER VS. MATERNITYWISE INTERNATIONAL, LLC, ET AL.; CV 18-00364 LEK-KJM; ORDER GRANTING IN PART AND DENYING IN PART: 1) DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL; 2) DEFENDANT LUND'S JOINDER; AND 3) DEFENDANT SALDAYA'S JOINDER**

31