UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

|  |  |
|---|---|
| DANNY GALLAGHER, | CIV. NO. 18-00364 LEK-KJM |
| Plaintiff, | |
| vs. | |
| MATERNITYWISE INTERNATIONAL, LLC, ANNE CROUDACE, ELIZBETH ANOATUBBY, EMILEE SALDAYA, RACHAEL BROWN, JENNA CHIDESTER, STEPHANIE GILBERT, JORDAN ASHLEY HOCKER, BETHANY KIRILLOVA, SAMANTHA LAJOIE, AERIN LUND, KATE PAVLOVSKY, CHANNA JAYDE WALZ, MADDISON WEIKLE, ESME WHRITENOUR, NICOLETTE RAYMOND, ELIZABETH GEFTAKYS, JULIE BELL, CARA GWIZD, HOLLY LEPPARD-WESTHAVER, ELOISE VICTORIA, JANE DOE ONE,  JANE DOE TWO, JANE DOE THREE,  DOES 1-10, INCLUSIVE; | |
| Defendants. | |

**ORDER GRANTING IN PART AND DENYING IN PART
PLAINTIFF/COUNTERCLAIM DEFENDANT'S
<u>MOTION TO DISMISS COUNTERCLAIM</u>**

Before the Court is Plaintiff/Counterclaim Defendant

Danny Gallagher's ("Gallagher") motion to dismiss

Defendant/Counterclaimant Vivian Chao Best's ("Best")

Counterclaim ("Motion"), filed on October 28, 2019.[1]  [Dkt.

---

[1] Best's Counterclaim was filed on October 7, 2019.  [Dkt. no. 111-1.]

no. 117.]  Best filed her memorandum in opposition to the Motion

on January 31, 2020.  [Dkt. no. 150.]  This matter came on for

hearing on February 21, 2020.  Gallagher's Motion is hereby

granted in part and denied in part for the reasons set forth

below.

**BACKGROUND**

I.   **Gallagher's Complaint**

          On September 25, 2018, Gallagher initiated this action

in this district court by filing his complaint, asserting

diversity jurisdiction.  [Dkt. no. 1 at ¶ 1.]  On September 26,

2018, October 4, 2018, and April 16, 2019, respectively,

Gallagher filed his first, second, and third amended complaints.

[Dkt. nos. 27, 33, 66.]  The operative complaint is Gallagher's

Fourth Amended Complaint for Damages and Demand for Jury Trial

("Fourth Amended Complaint"), filed on May 22, 2019.  [Dkt.

no. 79.]  The Fourth Amended Complaint names Defendants

MaternityWise International LLC ("Matwise"), Anne Croudace

("Croudace"), Jane Hopaki ("Hopaki"), Emilee Saldaya

("Saldaya"), Rachael Aughenbaugh ("Aughenbaugh"),

Jennifer Chidester ("Chidester"), Stephanie Byers ("Byers"),

Bethany Kirillov ("Kirillov"), Samantha Lajoie ("Lajoie"),

Aerin Lund ("Lund"), Kate Pavlovsky ("Pavlovsky"), Channa Jayde

Walz ("Walz"), Madison Sisley Boulter ("Boulter"),

Esme Whritenour ("Whritenour"), Adrianna Brooks ("Brooks"),[2] Jane Doe One – who is identified as "Jess Young" on social media ("Young"), Jane Doe Three – who is identified as "Marie-Soleil Deschamps" on social media ("Deschamps"), Nicolette Raymond ("Raymond"), Julie Bell ("Bell"), Cara Gwizd ("Gwizd"), Holly Leppard-Westhaver ("Leppard-Westhaver"), Eloise Victoria ("Victoria"), and Best (collectively "Defendants"). [Fourth Amended Complaint at ¶¶ 4-26.] On September 23, 2019, Gallagher filed a notice of dismissal as to the following defendants: Aughenbaugh, Chidester, Lajoie, Walz, Whritenour, Brooks, Raymond, Bell, Gwizd, Leppard-Westhaver, Victoria, Young, and Deschamps. [Dkt. no. 107.] The gravamen of the Fourth Amended Complaint is that Defendants made defamatory statements regarding Gallagher on Facebook.

According to Gallagher, Matwise is a business that promotes, trains, and certifies doulas, persons who assist women during the childbirth process. [Fourth Amended Complaint at ¶ 34.] Gallagher participated in a Matwise certification program in Hawai`i. See id. at ¶ 41. He also operates a pregnancy/birth photography business and works as a doula in Hawai`i, using the names Maternity in Motion and Danny the Doula, respectively. [Id. at ¶¶ 42, 46, 50-53.] Gallagher

_____

[2] Brooks was identified as Jane Doe Two in prior versions of the complaint. See Fourth Amended Complaint at ¶ 18.

alleges Croudace,[3] individually, and on behalf of Matwise, disseminated a "Memorandum of Official Statement," dated June 5, 2018 ("Matwise Memorandum"), in which Gallagher was accused of, among other things: 1) promoting pornography, in violation of the ethical and professional practices of doulas and photographers; 2) "being a sexual predator"; 3) encouraging and luring others into participating in pornography for financial gain; 4) unethical, deceptive, and dishonest conduct as a doula and photographer for his sexual gratification, financial gain, and self-interest.  [Id. at ¶ 83 (citing Fourth Amended Complaint, Exh. 1 (Matwise Mem.)).[4]]  Gallagher alleges that, although Matwise/Croudace knew the statements in the Matwise Memorandum were false, they published it on social media for viewing by Matwise's subscribers and others.  [Id. at ¶ 94.] Gallagher alleges the Matwise Memorandum was published on Facebook.  [Id. at ¶¶ 85, 87.]

---

[3] Gallagher alleges Croudace is a principal of Matwise. [Fourth Amended Complaint at ¶ 36.]

[4] The Matwise Memorandum does not mention Gallagher by name. It explains that the Director of Matwise became aware that a student of Matwise was "involved in several morally questionable incidents that disturbed a large number of people in their community."  See Matwise Mem. at 1.  Matwise further explained that "it was clear that the student was not only a consumer of pornography, but demonstrated enticements of financial gain, strongly encouraging involvement in selling pornography."  [Id.] Gallagher alleges he is the student referenced in the Matwise Memorandum.  See Fourth Amended Complaint at ¶ 83.

Gallagher also alleges the following defendants, among others, made, shared, or published defamatory statements about him on Facebook: 1) Hopaki; [id. at ¶¶ 97-98;] 2) Saldaya; [id. at ¶¶ 100-03;] 3) Byers; [id. at ¶¶ 132-34;] 4) Kirillov; [id. at ¶¶ 135-36;] 5) Lund; [id. at ¶ 139;] 6) Pavlovsky; [id. at ¶¶ 140-43;] 7) Boulter; [id. at ¶¶ 146-47;] and 8) Best, [id. at ¶¶ 166-74].  Gallagher alleges all Defendants falsely accused Gallagher of "rape, attempted murder, sexual exploitation, prostitution, 'pimping' and/or sexual harassment."  [Id. at ¶ 176.]  Gallagher alleges Defendants knew their defamatory statements were false prior to publishing them.  [Id. at ¶ 185.] Gallagher alleges Defendants were reckless, and/or failed to use reasonable care, in publishing the defamatory statements, and each of the Defendants outwardly ratified the Matwise Memorandum.  [Id. at ¶¶ 186-88.]

Gallagher alleges the following claims against all Defendants: libel based on Defendants' defamatory statements ("Count I"); [id. at ¶¶ 190-211;] libel per se based on the same allegations ("Count II"); [id. at ¶¶ 212-33;] trade libel based on Defendants' defamatory statements on Facebook which, *inter alia*, accused Gallagher of committing unprofessional and substandard services as a doula and photographer ("Count III"); [id. at ¶¶ 234-57;] false light against all Defendants for their defamatory statements on Facebook ("Count IV"); [id. at ¶¶ 258-

5

66;] intentional infliction of emotional distress ("IIED" and "Count V"); [id. at ¶¶ 267-73;] and negligent infliction of emotional distress ("NIED" and "Count VI"), [id. at ¶¶ 274-79]. Gallagher also seeks: an injunction requiring all Defendants to retract their defamatory statements and preventing them from publishing any further defamatory or damaging statements against Gallagher ("Count VII"); [id. at ¶¶ 280-85;] and a declaratory judgment stating that Defendants' defamatory statements were false and harassing, in violation of the social media websites' terms and conditions ("Count VIII"), [id. at ¶¶ 286-87].

Gallagher seeks: 1) $100,000 in economic damages and $5,000,000 in non-economic damages as to each Defendant; 2) an award of actual damgages; 3) $10,000,000 in punitive and exemplary damages; 4) a permanent injunction requiring Defendants to delete any existing defamatory statements previously made about Gallagher and prohibiting Defendants from future publication of the same or similar defamatory statements; 5) an award of attorney's fees and costs; and 6) any other appropriate relief. [Id. at pgs. 104-06, ¶¶ 1-7.]

## II. __Best's Counterclaim__

Best filed her Counterclaim with her answer to the Fourth Amended Complaint. [Dkt. no. 111.] Best alleges she is a member of a closed Facebook group called "WLS PSI Hawaii" and became Facebook friends with Gallagher around 2017. [Id. at

¶¶ 5-7.]  Best asserts that, in June 2018, she posted information about Gallagher onto the WLS PSI Hawaii Facebook page, which was removed by the page administrator within a few hours.  Best subsequently sent private, direct messages containing the same information about Gallagher to her Facebook friends.  [Id. at ¶¶ 10-13.]

Best argues Gallagher's lawsuit against her and the other Defendants is "an improper use of the legal system to intimidate and chill or curtail Best, the other defendants, and other users of social media from exercising their right to free speech."  [Id. at ¶ 20 (emphasis omitted).[5]]  Best argues Gallagher filed his lawsuit "to harass, embarrass, cause distress, and extort money from" Defendants.  [Id. at ¶ 19.]  Best's Counterclaim asserts an abuse of process claim against Gallagher ("Counterclaim Count I").[6]  [Counterclaim at ¶ 21.]  Best seeks: 1) compensatory and special damages; 2) attorney's

---

[5] Best alleges Gallagher has filed multiple lawsuits in other venues concerning the underlying events.  However, only the instant case is relevant to the Motion.

[6] In her Counterclaim, Best also alleges Gallagher is liable to her for "filing frivolous claims."  [Counterclaim at ¶ 21.] To the extent the "frivolous claims" allegation is a claim separate from the abuse of process claim, Best subsequently abandoned the "frivolous claims" argument.  See Mem. in Opp. at 7.

fees and costs; and 3) any other appropriate relief.  [Id. at pg. 7, ¶¶ 1-3.]

In the instant Motion, Gallagher seeks dismissal of Best's Counterclaim pursuant to Fed. R. Civ. P. 12(b)(6),[7] arguing Best fails to allege any facts that Gallagher committed a willful act that fell outside of his right to litigate so as to constitute an abuse of process.

## DISCUSSION

### I.   Abuse of Process Standard

"[T]here are two essential elements in a claim for abuse of process: (1) an ulterior purpose and (2) a wilful act in the use of the process which is not proper in the regular conduct of the proceeding."  Young v. Allstate Ins. Co., 119 Hawai`i 403, 412, 198 P.3d 666, 675 (2008) (citation and internal quotation marks omitted).  The second element presents the question of whether the defendant committed

> some definite act or threat not authorized by the
> process, or aimed at an objective not legitimate
> in the use of the process, is required; and there
> is no liability where the defendant has done
> nothing more than carry out the process to its
> authorized conclusion, even though with bad
> intentions.

---

[7] Fed. R. Civ. P. 12(b) states, in pertinent part, that "a party may assert the following defenses by motion: . . . (6) failure to state a claim upon which relief can be granted."

Id. (brackets, emphases, citation, and quotation marks omitted).
"Based on this language, Young concluded that 'more is required
than the issuance of the process itself,' and the 'wilful act'
must be 'distinct from the use of process *per se*.'" Ancier v.
Egan, Civil No. 14-00294 JMS-RLP, 2014 WL 6872977, at *5 (D.
Hawai`i Dec. 4, 2014) (quoting Young, 119 Hawai`i at 415–16, 98
P.3d at 678–79).

## II.  **Application of the Standard**

With respect to the first element, Best makes only
conclusory allegations that Gallagher had an ulterior motive.
See, e.g., Counterclaim at ¶ 19.  In federal court, "[t]o
survive a motion to dismiss, a complaint must contain sufficient
factual matter, accepted as true, to 'state a claim to relief
that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S.
662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S.
544, 570 (2007)).  This requirement includes the pleading of a
plausible factual basis supporting the claim.  Id. ("A claim has
facial plausibility when the plaintiff pleads factual content
that allows the court to draw the reasonable inference that the
defendant is liable for the misconduct alleged." (citing
Twombly, 550 U.S. at 556)).  Accordingly, "[t]hreadbare recitals
of the elements of a cause of action, supported by mere
conclusory statements, do not suffice." Id.  Therefore, Best
has failed to state a claim with regard to the first element.

9

Also, Best does not allege any facts with regard to the second element of the abuse of process claim.  See Counterclaim at ¶¶ 19-21 (alleging Gallagher filed the lawsuit with an improper motive, without alleging any willful act). "[T]o be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively.  Starr v. Baca, 652 F.3d 1202, 1216 (9th Cir. 2011).  Best did not recite the second element of abuse of process, let alone include sufficient allegations of the underlying facts.  Therefore, Best has failed to state a claim with respect to abuse of process.

In response to the Motion, Best alleges Gallagher committed a willful act when he stated the specific amount of damages he is seeking in the Fourth Amended Complaint.  [Mem. in Opp. at 11.]  As a general rule, this Court's scope of review in considering a Rule 12(b)(6) motion to dismiss is limited to the allegations in the complaint.  See Khoja v. Orexigen Therapeutics, Inc., 899 F.3d 988, 998 (9th Cir. 2018), cert. denied sub nom., Hagan v. Khoja, 139 S. Ct. 2615 (2019). However, even if the Court were to consider the arguments raised for the first time in Best's Memorandum in Opposition, the Court would still grant Gallagher's Motion.

In her Memorandum in Opposition, Best argues Gallagher violated Haw. Rev. Stat. § 663-1.3 when he included the specific amount of damages he is seeking in his Fourth Amended Complaint, therefore committing an act that was not proper in the use of the process.[8]  However,

> [a]s is well established, "[u]nder the <u>Erie</u> doctrine, federal courts sitting in diversity apply state substantive law and **federal procedural law**." <u>Snead v. Metro. Prop & Cas. Ins. Co.</u>, 237 F.3d 1080, 1090 (9th Cir. 2001) (emphasis added); <u>see also</u> <u>Erie R.R. Co. v. Tompkins</u>, 304 U.S. 64, 78 (1938).  Thus, per <u>Erie</u>, the Court here applies federal law, not state law.  <u>See</u> <u>Hanna v. Plumer</u>, 380 U.S. 460, 465-67 (1965) (holding that federal rules of procedure govern matters of procedure in a diversity action.) . . .

<u>Diamond Resort Haw. Corp. v. Bay W. Kailua Bay, LLC</u>, CV. No. 10-00117 DAE-BMK, 2011 WL 2610203, at *4 (D. Hawai`i July 1, 2011) (emphasis and some alterations in <u>Diamond Resort</u>).

Section 663-1.3 is a state procedural rule that prescribes the form of the pleadings in Hawai`i state courts; it

---

[8] Section 663-1.3 states, in pertinent part:

> (a)   Notwithstanding any other provision of law, in any action based on tort, including a medical tort as defined in section 671-1, to recover damages for personal injuries or wrongful death, no complaint, counterclaim, cross claim or third party claim nor any amendment to such pleadings shall specify the amount of damages prayed for but shall contain a prayer for general relief, including a statement that the amount of damages is within the minimum jurisdictional limits of the court in which the action is brought.

does not limit any substantive rights of the litigants.
Therefore, it does not apply to the instant action.  See, e.g.,
Eason v. Roman Catholic Bishop of San Diego, 414 F. Supp. 3d
1276, 1286 (S.D. Cal. 2019) (concluding that a state law
prohibiting a litigant from including a demand for punitive
damages in a pleading unless certain conditions were met was a
procedural rule and therefore inapplicable in federal court).
Therefore, Gallagher was not required to comply with § 663-1.3
when he filed his Fourth Amended Complaint, and he did not
violate it by including an *ad damnum* clause therein.  Best has
not made any other factual allegations of a willful act distinct
from the use of the process itself in either her Counterclaim or
her Memorandum in Opposition.

Because the inclusion of the *ad damnum* clause was
permissible in the use of process and Best has not alleged that
any of Gallagher's other acts satisfy the second element, Best
has not alleged any act by Gallagher that constitutes an
improper act distinct from the use of the process itself.  Thus,
Best's Counterclaim does not plead sufficient factual
allegations that, when accepted as true, would allow the court
to reasonably infer that Gallagher is liable for abuse of
process.  See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) ("To
survive a motion to dismiss, a complaint must contain sufficient
factual matter, accepted as true, to 'state a claim to relief

12

that is plausible on its face.'" (citation and internal

quotation marks omitted)); id. ("A claim has facial plausibility

when the plaintiff pleads factual content that allows the court

to draw the reasonable inference that the defendant is liable

for the misconduct alleged." (citation omitted).  Because there

are no other factual allegations regarding Gallagher's conduct

that could satisfy the second element of Best's abuse of process

claim, the Court cannot reasonably infer that he is liable for

the alleged misconduct.  Therefore, Gallagher's Motion is

granted, insofar as Best's Counterclaim is dismissed.

          Because it is arguably possible for Best to amend her

Counterclaim to cure the defects in her abuse of process claim,

the dismissal must be without prejudice.  See Sonoma Cty. Ass'n

of Retired Emps. v. Sonoma Cty., 708 F.3d 1109, 1118 (9th Cir.

2013) ("As a general rule, dismissal without leave to amend is

improper unless it is clear, upon de novo review, that the

complaint could not be saved by any amendment." (brackets,

citation, and internal quotation marks omitted)).  Therefore,

the Motion is denied to the extent that Gallagher seeks

dismissal of the Counterclaim with prejudice.

## III. <u>Summary and Leave to Amend</u>

          The Motion has been granted with respect to the only

claim in Best's Counterclaim and denied to the extent it seeks

dismissal with prejudice.  Best is granted leave to file an

amended counterclaim with respect to her abuse of process claim. Best's amended counterclaim must be filed by **June 11, 2020.** The Court emphasizes that Best does not have leave to add any new parties or claims. If Best wishes to add new parties or claims, she must file a motion pursuant to Fed. R. Civ. P. 15(a)(2) and Fed. R. Civ. P. 16(b)(4). <u>See</u> First Amended Rule 16 Scheduling Order, filed 4/17/20 at pg. 2, ¶ 5. Best is cautioned that, if she fails to file her amended counterclaim by **June 11, 2020,** her Counterclaim will be dismissed with prejudice.

<u>**CONCLUSION**</u>

On the basis of the foregoing, Gallagher's Motion to Dismiss [F.R.C.P. 12(b)(6)], filed October 28, 2019, is HEREBY GRANTED IN PART AND DENIED IN PART. The Motion is GRANTED insofar as Best's Counterclaim, filed October 7, 2019, is HEREBY DISMISSED, and the Motion is DENIED insofar as the dismissal is WITHOUT PREJUDICE. Best is ORDERED to file her amended counterclaim by **June 11, 2020**. The amended counterclaim must comply with the terms of this Order.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, May 21, 2020.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**DANNY GALLAGHER VS. MATERNITYWISE INTERNATIONAL, ET AL.; CV 18-00364 LEK-KJM; ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF/COUNTERCLAIM DEFENDANT'S MOTION TO DISMISS COUNTERCLAIM**