# MINUTE ORDER

CASE NUMBER:     CIVIL NO. 18-00364 LEK-KJM

CASE NAME:       Danny Gallagher vs. Maternity Wise International et al.,

JUDGE:   Leslie E. Kobayashi        DATE:   11/06/2020

COURT ACTION:   EO: COURT ORDER RULING ON THE MOTION FOR SUMMARY JUDGMENT, FILED ON APRIL 20, 2020, AND THE JOINDERS THEREIN, FILED ON APRIL 23, 2020

  On April 20, 2020, Defendants MaternityWise International LLC, Anne Croudace, Maddison Sisley Boulter, Jane Hopaki, Kate Pavlovsky, and Aerin Lund ("MaternityWise Defendants") filed their Motion for Summary Judgment ("Motion"). [Dkt. no. 163.] On April 23, 2020, Defendants Emilee Saldaya ("Saldaya") and Vivian Chao Best ("Best") filed a substantive joinder in the Motion, and Defendants Bethany Kirillov ("Kirillov") and Stephanie Byers ("Byers" and all collectively with the MaternityWise Defendants "Defendants") each filed substantive joinders (all collectively "Joinders"). [Dkt. nos. 168, 170, 171.] On May 26, 2020, Plaintiff Danny Gallagher ("Gallagher") filed his memorandum in opposition to the Motion. [Dkt. no. 176.] On June 16, 2020, the MaternityWise Defendants filed their reply, and Saldaya and Best filed theirs. [Dkt. nos. 192, 194.] The Court finds these matters suitable for disposition without a hearing pursuant to Local Rule 7.1(c) and hereby informs the parties of its rulings on the Motion and the Joinders.

  The parties are hereby informed that the Motion and the Joinders are DENIED with respect to all claims because this Court finds there are genuine issues of material fact which preclude summary judgment. See Fed. R. Civ. P. 56(a) (stating a party is entitled to summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law"). The gravamen of Gallagher's allegations is that Defendants made defamatory statements about him on Facebook. See generally Fourth Amended Complaint for Damages ("Fourth Amended Complaint"), filed 5/22/19 (dkt. no. 79). Defendants seek entry of summary judgment on the basis that, to the extent their statements constituted statements of fact, those statements are true, and Gallagher cannot prove the falsity of such statements. In the alternative, Defendants assert their statements constitute nonactionable opinions.

  This district court has explained,

> In order to sustain a claim for defamation, a plaintiff must establish: (1) a false and defamatory statement concerning another; (2) an unprivileged publication to a third party; (3) fault amounting at least to negligence on the part of the publisher or actual malice where the plaintiff is a public figure; and (4) either actionability of the statement irrespective of special harm or the existence of special harm caused by the publication.

Mahoe v. Operating Eng'rs Loc. Union No. 3 of the Int'l Union of Operating Eng'rs, AFL–CIO, Civil No. 13–00186 HG–BMK, 2013 WL 5447261, at *7 (D. Hawai`i Sept. 27, 2013) (citing Gold v. Harrison, 962 P.2d 353, 359 (Haw. 1998)).

Galleger's allegations include, but are not limited to, assertions that one or more of the Defendants accused Gallagher of: 1) sharing or disseminating pictures of women on the internet without their permission; see, e.g., Fourth Amended Complaint at ¶¶ 87, 135, 171; 2) being a predator or pimp; see, e.g., id. at ¶¶ 98, 101-02, 134, 139, 141, 168; and 3) not being a doula or engaging in behavior that would be unethical or unacceptable for a doula; see, e.g., id. at ¶¶ 100, 101, 134, 135, 141, 168.  While parts of Defendants' statements may be indicative of an opinion, see id. at ¶ 132 (alleging Byers characterized Gallagher's social-media interactions as "passive-aggressive" in an online post), the Court finds that, in general, "a reasonable factfinder could conclude that the statement[s] 'impl[y] an assertion of objective fact.'"  See Unelko Corp. v. Rooney, 912 F.2d 1049, 1053 (9th Cir. 1990) (quoting Milkovich v. Lorain Journal Co., 497 U.S. 1, 110 S. Ct. 2695, 2705, 111 L. Ed. 2d 1 (1990)).  Because the truth of Defendants' statements is disputed, the Motion is insufficient to show the absence of any genuine issue of material fact with respect to the first element of defamation.  Therefore, Defendants are not entitled to judgment as a matter of law, and the Court need not reach the remaining elements.

For these reasons, the Motion and the Joinders are hereby DENIED.  A written order will follow that will supersede these rulings.  If any Defendant wishes to file a motion for reconsideration, they must wait until the written order is filed to do so.

IT IS SO ORDERED.

Submitted by: Agalelei Elkington, Courtroom Manager