UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

DANNY GALLAGHER,

               Plaintiff,

    vs.

MATERNITYWISE INTERNATIONAL,
LLC, ANNE CROUDACE, ELIZBETH
ANOATUBBY, EMILEE SALDAYA,
RACHAEL BROWN, JENNA CHIDESTER,
STEPHANIE GILBERT, JORDAN ASHLEY
HOCKER, BETHANY KIRILLOVA,
SAMANTHA LAJOIE, AERIN LUND,
KATE PAVLOVSKY, CHANNA JAYDE
WALZ, MADDISON WEIKLE, ESME
WHRITENOUR, NICOLETTE RAYMOND,
ELIZABETH GEFTAKYS, JULIE BELL,
CARA GWIZD, HOLLY LEPPARD-
WESTHAVER, ELOISE VICTORIA,
JANE DOE ONE,  JANE DOE TWO,
JANE DOE THREE,  DOES 1-10,
INCLUSIVE;

              Defendants.

CIV. NO. 18-00364 LEK-KJM

**ORDER GRANTING IN PART AND DENYING IN PART
PLAINTIFF/COUNTERCLAIM DEFENDANT'S
MOTION TO DISMISS FIRST AMENDED COUNTERCLAIM**

      Before the Court is Plaintiff/Counterclaim Defendant

Danny Gallagher's ("Gallagher") motion to dismiss

Defendant/Counterclaimant Vivian Chao Best's ("Best") First

Amended Counterclaim ("Motion"), filed on June 30, 2020.[1]  [Dkt.

no. 195.]  Best filed her memorandum in opposition to the Motion

_____

      [1] Best's First Amended Counterclaim was filed on June 10,
2020.  [Dkt. no. 188.]

on August 17, 2020.  [Dkt. no. 204.]  The Court finds this matter suitable for disposition without a hearing pursuant to Rule LR7.1(c) of the Local Rules of Practice for the United States District Court for the District of Hawaii ("Local Rules").  Gallagher's Motion is hereby granted for the reasons set forth below.

## BACKGROUND

The parties are familiar with the facts of this case and they will not be repeated here.  See Order Granting in Part and Denying in Part Defendants' Motion for Summary Judgment and Joinders Therein, filed 1/27/21 (dkt. no. 214) ("1/27/21 Order").[2]  On October 7, 2019, Best filed her Counterclaim. [Dkt. no. 111-1.]  In the Counterclaim, Best argued Gallagher filed his lawsuit "to harass, embarrass, cause distress, and extort money from" Best.  [Counterclaim at ¶ 19.]  Best's Counterclaim asserted an abuse of process claim against Gallagher.  [Counterclaim at ¶ 21.]

On October 28, 2019, Gallagher filed a motion to dismiss the Counterclaim, [dkt. no. 117,] which was granted in part and denied in part on May 21, 2020, [Order Granting in Part and Denying in Part Plaintiff/Counterclaim Defendant's Motion to Dismiss Counterclaim, filed 5/21/20 (dkt. no. 173) ("5/21/20

_____

[2] The 1/27/21 Order is also available at 2021 WL 276975.

2

Order")].[3]  The Counterclaim was dismissed because Best failed to plead sufficient allegations with respect to her abuse of process claim, however, she was given leave to amend.  See 5/21/20 Order, 2020 WL 2574645, at *3-5.

In her First Amended Counterclaim, Best argues Gallagher used a Facebook profile under a fake name to gather evidence of allegedly defamatory statements.  [First Amended Counterclaim at ¶¶ 15-18.]  She further alleges that Gallagher included the allegedly defamatory statements he elicited from Best using the fake Facebook profile in his Fourth Amended Complaint for Damages ("Fourth Amended Complaint") to bolster his accusations and intimidate Best.[4]  [Id. at ¶ 25.] Specifically, she alleges that Gallagher's inclusion of those allegedly defamatory statements in his Fourth Amended Complaint "constitutes a definite and willful act that is not authorized by the process."  [Id. at ¶ 26.]  Finally, Best alleges that Gallagher filed his lawsuits, including the instant lawsuit, "with the primary purpose to harass, embarrass, cause distress, and extort money from [the defendants]."  [Id. at ¶ 32.]  Best therefore brings a claim for abuse of process.  Best seeks:

---

[3] The 5/21/20 Order is also available at 2020 WL 2574645.
[4] Gallagher filed the Fourth Amended Complaint on May 22, 2019.  [Dkt. no. 79.]

compensatory and special damages; reasonable attorneys' fees and costs; and other relief as appropriate.  [Id. at pg. 9.]

In the instant Motion, Gallagher seeks dismissal of Best's First Amended Counterclaim with prejudice pursuant to Fed. R. Civ. P. 12(b)(6),[5] arguing Best fails to state a claim because she did not allege that Gallagher committed a willful act outside of his right to litigate.

## STANDARD

The applicable standard is as set forth in the 5/21/20 Order.  See 5/21/20 Order, 2020 WL 2574645, at *3-4.

## DISCUSSION

## I.   Abuse of Process Claim

The Amended Counterclaim states that Gallagher included the allegedly defamatory statements Best made to Gallagher (using a fake Facebook profile) in his "Fourth Amended Complaint for the ulterior purpose of artificially bolstering his accusations that BEST defamed him and intimidating BEST." [First Amended Counterclaim at ¶ 25 (emphases in original).]  In federal court, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"

---

[5] Fed. R. Civ. P. 12(b) states, in pertinent part, that "a party may assert the following defenses by motion: . . . (6) failure to state a claim upon which relief can be granted[.]"

Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  However, because Gallagher does not address the ulterior motive element of an abuse of process claim, the Court will not consider this element in its analysis of the Motion.[6]

Turning to the second element, this district court previously stated that

> Young describes this second element as follows:
>
> > "**[s]ome definite act or threat** not authorized by the process, or aimed at an objective not legitimate in the use of the process, **is required**; and **there is no liability where the defendant has done nothing more than carry out the process to its authorized conclusion, even though with bad intentions.**"
>
> 119 Haw. at 414, 198 P.3d at 677 (quoting Prosser & Keeton on Torts § 121, at 898 (5th ed., W. Page Keeton et al. eds., 1984) ("Prosser and Keeton") (brackets and emphasis in original).  Based on this language, Young concluded that "more is

---

[6] Best's allegation that Gallagher included the statements she made to Gallagher's fake Facebook profile in his Fourth Amended Complaint for an ulterior purpose is a conclusory allegation, see First Amended Counterclaim at ¶ 25, and is therefore insufficient to survive a motion to dismiss.  See Iqbal, 556 U.S. at 678 (noting courts "are not bound to accept as true a legal conclusion couched as a factual allegation" (quotation marks and citation omitted)); Whitaker v. Tesla Motors, Inc., 985 F.3d 1173, 1176 (9th Cir. 2021) (stating that and "[t]he plausibility of a pleading thus derives from its well-pleaded factual allegations" (citation omitted)).  In her First Amended Counterclaim, Best did not plead any facts to support her assertion that her statements were included in the Fourth Amended Complaint for the purpose of "artificially bolstering [Gallagher's] accusations" or to "intimidate[e]" her, as opposed to including them for a permissible purpose.  See First Amended Counterclaim at ¶ 25.

required than the issuance of the process itself," and the "wilful act" must be "distinct from the use of process *per se*."  Id. at 415–16, 98 P.3d at 678–79.

. . . .

. . . .  [S]ee also Coleman v. Gulf Ins. Grp., 718 P.2d 77, 89 (Cal. 1986) ("In construing the requirement of a wilful act, the courts have endeavored to curb and remedy serious abuses of the judicial process while avoiding undue restraints on the ability of litigants to vigorously assert their interests.  The requirement that plaintiffs prove something more than an improper motive and the absence of meritorious grounds ensures against an uncontrolled expansion of liability.").

Young applied these principles to reject that the defendant's unreasonably low settlement offers could constitute the requisite "wilful act" for an abuse of process claim.  Young reasoned that settlement offers "are 'proper,' if not encouraged in the regular conduct of proceedings [and a] contrary rule would have a 'devastating effect on the settlement process,' because parties would be wary of making settlement offers if such offers could provide the 'essential ingredient' to subject them to a second lawsuit for abuse of process."  119 Haw. at 414, 198 P.3d at 677.  Young further rejected that the plaintiff established any "wilful act" by asserting that the defendants "sought to further an improper purpose when they employed the legal processes of filing an answer, appealing the arbitration award and taking the dispute to trial, making a [Haw. R. Civ. P.] Rule 68 offer of judgment, and opposing [the plaintiff's] requests for attorneys' fees, costs, and prejudgment interest."  Id. at 416, 198 P.3d at 679.  These acts, "without more, did not constitute 'wilful' acts that were, in themselves, antithetical to the legitimate conduct of the underlying case."  Id.

> . . . .   Prosser and Keeton, upon which
> Young relied, however, describes that
>
> > [t]he improper purpose usually takes the
> > form of coercion to obtain a collateral
> > advantage, not properly involved in the
> > proceeding itself, such as the surrender of
> > property or the payment of money, by the use
> > of the process as a threat or a club.  There
> > is, in other words, a form of extortion, and
> > it is what is done in the course of
> > negotiation, rather than the issuance or any
> > formal use of the process itself, which
> > constitutes the tort.
>
> Prosser and Keeton, at 898.

Ancier v. Egan, Civil No. 14-00294 JMS-RLP, 2014 WL 6872977, at
*5-6 (D. Hawai'i Dec. 4, 2014) (some alterations in Ancier).

Best asserts Gallagher's inclusion of the purportedly
defamatory statements Best made to Gallagher while he was using
a fake Facebook profile in his Fourth Amended Complaint
"constitutes a definite and willful act that is not authorized
by the process" and was "aimed at an illegitimate use of
process." [First Amended Counterclaim at ¶¶ 26-27.]  However,
including allegations in a complaint, much like other common
litigation events such as filing an answer or taking an appeal,
even if done with an improper motive, does not constitute an act
distinct from the process as required by the second element of
the claim.  See Young, 119 Hawai`i at 416, 198 P.3d at 679
(holding that "filing an answer, appealing the arbitration award
and taking the dispute to trial, making a [Haw. R. Civ. P.]

Rule 68 offer of judgment, and opposing Young's requests for attorneys' fees, costs, and prejudgment interest" did not satisfy the second element of an abuse of process claim). Therefore, Best's allegation that Gallagher filed a complaint containing statements Best made to Gallagher does not satisfy the "willful and distinct act" requirement of an abuse of process claim.  See id. (noting that even filing a frivolous appeal or an answer that contained falsehoods did not constitute a sufficiently improper act so as to give rise to an abuse of process claim when "[t]here [wa]s no allegation of any act of defendant using such appeal for other than its proper purpose" (quoting Tellefsen v. Key Sys. Transit Lines, 198 Cal. App. 2d 611, 615, 17 Cal. Rptr. 919, 922 (1961); Hawkins v. Webster, 78 N.C. App. 589, 337 S.E.2d 682, 685 (1985))).

       With respect to Best's allegation that the filing of the lawsuit itself constitutes an abuse of process, [First Amended Counterclaim at ¶ 32,] the filing of a complaint is not "a wilful act in the use of the process which is not proper in the regular conduct of the proceeding."  See Young, 119 Hawai`i at 412, 198 P.3d at 675(citation and quotation marks omitted). Furthermore, Best's allegation that Gallagher filed this case, along with other lawsuits to embarrass, distress, extort, intimidate, or chill Best and others "from exercising their right to free speech," [First Amended Counterclaim at ¶¶ 32-33,]

may speak to whether Gallagher acted with an ulterior motive, but does not address the claim that the filing of the suit itself satisfies the distinct and willful act element of an abuse of process claim.  See Ancier, 2104 WL 6872922 at *7, (noting that the plaintiff's allegation the defendant held a press conference about the case to seek other clients or threaten non-parties with suit addressed the first element of an abuse of process claim, but not the second element).

Because Best has failed to state a plausible claim for abuse of process, the First Amended Counterclaim must be dismissed.

## II.  **Leave to Amend**

Next, the Court turns to whether dismissal should be with or without prejudice.

> It is black-letter law that a district court must give plaintiffs at least one chance to amend a deficient complaint, absent a clear showing that amendment would be futile.  Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003) ("Dismissal with prejudice and without leave to amend is not appropriate unless it is clear on de novo review that the complaint could not be saved by amendment."); see also Foman v. Davis, 371 U.S. 178, 182, 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962) ("In the absence of any apparent or declared reason — such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. — the leave sought should, as the [Federal Rules of Civil Procedure] require, be 'freely given.'").

Nat'l Council of La Raza v. Cegavske, 800 F.3d 1032, 1041–42 (9th Cir. 2015) (alteration in La Raza). "Not all of the factors merit equal weight. As this circuit and others have held, it is the consideration of prejudice to the opposing party that carries the greatest weight." Eminence Cap., 316 F.3d at 1052 (citation omitted). Also, "[f]utility alone can justify the denial of a motion to amend." Johnson v. Buckley, 356 F.3d 1067, 1077 (9th Cir. 2004) (citation and quotation marks omitted). However, "leave to amend should be denied as futile only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." Barahona v. Union Pac. R.R. Co., 881 F.3d 1122, 1134 (9th Cir. 2018) (citation and internal quotation marks omitted).

Although Best was previously given the opportunity to amend her counterclaim, and dismissal is once again required for failure to state a claim, the Court cannot definitively conclude that the First Amended Counterclaim cannot be saved by further amendment. However, the original Counterclaim and the First Amended Counterclaim both offered only conclusory allegations with respect to the ulterior motive element of Best's abuse of process claim. See Counterclaim at ¶ 19; First Amended Counterclaim at ¶ 25. Furthermore, Best's memorandum in opposition is silent as to whether further leave to amend her

10

counterclaim should be granted in the event the Motion is granted and the Amended Counterclaim is dismissed.  Therefore, the Court declines to grant leave to amend here.  Instead, Best is granted leave to file a motion for leave to file a second amended counterclaim.  In her motion for leave to file a second amended counterclaim, Best is ORDERED to address: the defects identified regarding both elements of her abuse of process claim; whether those defects can be cured with a second amended counterclaim; and whether leave should be granted, given that Best was afforded notice in the 5/21/20 Order that conclusory allegations as to motive would not suffice, see 5/21/20 Order, 2020 WL 2574645, at *3-4, and the First Amended Counterclaim subsequently offered only conclusory allegations as to Gallagher's ulterior motive.  Best's motion for leave to file a second amended counterclaim must be filed by **March 31, 2021.** Best is CAUTIONED that, if she does not file a motion for leave to file a second amended counterclaim, or if the motion does not address the defects identified above, her First Amended Counterclaim will be dismissed with prejudice.

### CONCLUSION

For the foregoing reasons, Gallagher's Motion to Dismiss First Amended Counterclaim of Vivian Chau Best [F.R.C.P. 12(b)(6)], filed June 30, 2020, is HEREBY GRANTED IN PART AND DENIED IN PART.  The Motion is GRANTED, to the extent

that Best's First Amended Counterclaim, filed June 10, 2020, is

DISMISSED.  However, the Motion is DENIED, to the extent that

Best is HEREBY GRANTED leave to file a motion for leave to file

a second amended counterclaim.  Best's motion for leave to file

a second amended counterclaim must be filed by **March 31, 2021.**

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, March 9, 2021.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**DANNY GALLAGHER VS. MATERNITYWISE INTERNATIONAL, LLC, ET AL; CV 18-00364 LEK-KJM; ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF/COUNTERCLAIM DEFENDANT'S MOTION TO DISMISS FIRST AMENDED COMPLAINT**