IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| DANNY GALLAGHER, | ) | Civil No. 18-00364 LEK-KJM |
| | ) | |
| Plaintiff, | ) | FINDINGS AND |
| | ) | RECOMMENDATION TO DENY |
| vs. | ) | PLAINTIFF DANNY |
| | ) | GALLAGHER'S MOTION TO |
| ANNE CROUDACE, EMILEE | ) | ENTER A DEFAULT JUDGMENT |
| SALDAYA, JENNA CHIDESTER, | ) | AGAINST DEFENDANTS |
| BETHANY KIRILLOV, KATE | ) | STEPHANIE BYERS AND |
| PAVLOVSKY, DOES 1-10, inclusive, | ) | BETHANY KIRILLOV |
| STEPHANIE BYERS, JANE | ) | |
| HOPAKI, AND VIVIAN CHAU | ) | |
| BEST, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

FINDINGS AND RECOMMENDATION TO DENY PLAINTIFF
DANNY GALLAGHER'S MOTION TO ENTER A DEFAULT JUDGMENT
AGAINST DEFENDANTS STEPHANIE BYERS AND BETHANY KIRILLOV

On September 25, 2018, Plaintiff Danny Gallagher ("Plaintiff") filed a

Complaint for Damages and Demand for Jury Trial ("Complaint").  ECF No. 1.

Several amended complaints followed:  a First Amended Complaint on

September 26, 2018; a Second Amended Complaint on October 4, 2018; a Third

Amended Complaint on April 16, 2019; and a Fourth Amended Complaint on

May 22, 2019.  ECF Nos. 27, 33, 66, 79.  On December 14, 2021, Plaintiff filed a

Motion to Enter a Default Judgment Against Defendants Stephanie Byers and

Bethany Kirillov (respectively, "Byers" and "Kirillov") ("Motion").  ECF No. 231.

The Court elected to decide this matter without a hearing pursuant to Rule

7.1(c) of the Local Rules of Practice for the United States District Court for the

District of Hawaii.  For the reasons set forth below, the Court FINDS AND

RECOMMENDS that the district court DENY the Motion.

DISCUSSION

Federal Rule of Civil Procedure 55 governs the process for entry of default

and default judgment:

> (a)   **Entering a Default.**  When a party against whom a judgment
> for affirmative relief is sought has failed to plead or otherwise defend,
> and that failure is shown by affidavit or otherwise, the clerk must
> enter the party's default.
>
> (b)   **Entering a Default Judgment.**
>
> > (1)   ***By the Clerk.***  If the plaintiff's claim is for a sum certain
> > or a sum that can be made certain by computation, the clerk –
> > on the plaintiff's request, with an affidavit showing the amount
> > due – must enter judgment for that amount and costs against a
> > defendant who has been defaulted for not appearing and who is
> > neither a minor nor an incompetent person.
> >
> > (2)   ***By the Court.***  In all other cases, the party must apply to
> > the court for a default judgment . . . .

Fed. R. Civ. P. 55(a)-(b).  The Ninth Circuit Court of Appeals has explained

Rule 55 as requiring a "two-step process" consisting of:  (1) seeking the clerk's

entry of default; and (2) filing a motion for entry of default judgment.  *See*

*Symantec Corp. v. Global Impact, Inc.*, 559 F.3d 922, 923 (9th Cir. 2009) (noting

the "two-step process of 'Entering a Default' and 'Entering a Default Judgment'");

2

*Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986) ("Eitel apparently fails to understand the two-step process required by Rule 55."). The Court finds cogent reasons as to why default judgment should not be entered.

First, the instant Motion is untimely. The Court construes the Motion as a dispositive motion. This Court required the parties to file any dispositive motions by August 5, 2020, pursuant to the First Amended Rule 16 Scheduling Order. ECF No. 162 at 2 ¶ 7. Plaintiff filed the instant Motion nearly one-and-a-half years beyond the dispositive motions deadline. The Motion is, thus, untimely. *See, e.g.,* *Martin v. Viles*, No. 2:04–cv–0756 LKK JFM (PC), 2009 WL 1211644, at *1 (E.D. Cal. Apr. 30, 2009) (construing as dispositive an untimely motion for default judgment under orders extending the deadline to file dispositive motions), *adopted in* No. 2:04–cv–0756 LKK JFM (PC), 2009 WL 1911593 (E.D. Cal. June 30, 2009), *aff'd sub nom. Martin v. McKee*, 572 F. App'x 472 (9th Cir. 2014).

Second, under Federal Rule of Civil Procedure 55, Plaintiff has not sought entry of default against Byers and Kirillov, and the Clerk of Court has not entered default against either of them. Entry of default judgment is, thus, not warranted or appropriate. Byers and Kirillov also have not failed to plead or otherwise defend as to Plaintiff's claims.

Specifically, on December 14, 2018, Byers, Kirillov, Maternitywise International, LLC, Christy Anne Croudace, Jane Hopaki ("Hopaki"), Kate

Pavlovsky ("Pavlovsky"), and Madison Sisley Boulter (collectively, "Defendants")

filed a Specially Appearing Defendants' Motion to Dismiss Plaintiff's Second

Amended Complaint for Damages and Demand for Jury Trial ("First Motion to

Dismiss").[1]  ECF No. 49.  On February 27, 2019, the district court granted in part

and denied in part Defendants' First Motion to Dismiss.

On June 12, 2019, Defendants Aerin Lund ("Lund"), Emilee Saldaya

("Saldaya"), Hopaki, Byers, Kirillov, and Pavlovsky filed a Motion to Dismiss

Plaintiff's Fourth Amended Complaint for Damages and Demand for Jury Trial

("Second Motion to Dismiss").  ECF No. 87.  By entering order on

August 9, 2019, the district court denied Defendants' Second Motion to Dismiss.

ECF No. 98.  The district court further directed Defendants to file respective

Answers to the Fourth Amended Complaint.  *Id*.

On August 23, 2019, Hopaki, Saldaya, Byers, Kirillov, Pavlovsky, and

Lund, represented by counsel, filed an Answer to the Fourth Amended Complaint

and denied Plaintiff's asserted claims.  ECF No. 103.  In light of Defendants'

counseled responses to Plaintiff's complaints and, ultimately, the filing of an

Answer, this Court cannot say that Defendants have defaulted.

---

[1]  Counsel for Defendants appeared specially to contest service, venue, and
jurisdiction because Defendants have not lived or worked in Hawaii, nor did any
Defendant have personal or business ties to the District of Hawaii.  *See* ECF No.
49-1.

Third, Defendants are not the sole remaining defendants in this case.

Besides Byers and Kirillov, Hopaki, Saldaya, Pavlovsky, and Lund have filed an

Answer, denying the claims asserted in the Fourth Amended Complaint, as stated.

*Id*. Defendant Vivian Chau Best filed an Answer and Amended Counterclaims

against Plaintiff, as well. ECF Nos. 111, 188. Outstanding claims against these

Defendants have not yet been resolved. "The Ninth Circuit disfavors granting

default judgment against individual defendants in cases involving multiple

defendants since the resulting judgment could be 'incongruous and unfair' to

answering defendants." *Wilber v. Top Glob. Cap.*, No. SACV 121448 AG (JPRX),

2013 WL 12142603, at *1 (C.D. Cal. Dec. 2, 2013) (quoting *Neilson v. Chang (In

re First T.D. & Inv. Inc.)*, 253 F.3d 520, 532 (9th Cir. 2001)). Given the Ninth

Circuit's disfavor towards entering default judgment against individual defendants

in multi-defendant suits, the Court recommends that the district court not enter

default judgment against Byers and Kirillov when claims against the other

individual Defendants still remain.

Finally, even if this Court were to reach the merits of Plaintiff's request for

default judgment, Plaintiff has failed to show why default judgment is warranted.

The "starting point is the general rule that default judgments are ordinarily

disfavored. Cases should be decided upon their merits whenever reasonably

possible." *NewGen, LLC v. Safe Cig, LLC*, 840 F.3d 606, 616 (9th Cir. 2016)

(quoting *Eitel*, 782 F.2d at 1472).  Courts then look to the following factors in

deciding whether to exercise discretion to enter a default judgment:

> (1) the possibility of prejudice to the plaintiff[;] (2) the merits of
> plaintiff's substantive claim[;] (3) the sufficiency of the complaint[;]
> (4) the sum of money at stake in the action; (5) the possibility of a
> dispute concerning material facts; (6) whether the default was due to
> excusable neglect[;] and (7) the strong policy underlying the Federal
> Rules of Civil Procedure favoring decisions on the merits.

*Eitel*, 782 F.2d at 1471-72 (citation omitted).

Here, Plaintiff has failed to overcome the burden favoring decisions on the

merits under *Eitel*.  Plaintiff merely cites instances where Byers and Kirillov did

not respond to emails or did not appear for status conferences.  *See* ECF No. 231 at

4-5.  Plaintiff has not established any of the *Eitel* factors that favor default

judgment.  Plaintiff has, thus, failed to satisfy the substantive requirements for

granting default judgment pursuant to Federal Rule of Civil Procedure 55.  For

these reasons, the Court recommends that the district court deny the Motion.

\\

\\

\\

\\

\\

\\

\\

\\

6

CONCLUSION

Based upon the foregoing, the Court FINDS AND RECOMMENDS that the

district court DENY the Motion to Enter a Default Judgment Against Defendants

Stephanie Byers and Bethany Kirillov (ECF No. 231).

IT IS SO FOUND AND RECOMMENDED.

DATED:  Honolulu, Hawaii, December 30, 2021.



Kenneth J. Mansfield
United States Magistrate Judge

*Danny Gallagher v. Anne Croudace, et al.*, Civil No. 18-00364 LEK-KJM; Findings and
Recommendation to Deny Plaintiff's Motion to Enter a Default Judgment Against Defendants
Stephanie Byers and Bethany Kirillov