# MINUTE ORDER

CASE NUMBER:      CIVIL NO. 18-00364 LEK-KJM

CASE NAME:        Danny Gallagher vs. Anne Croudace, et al.

JUDGE:   Leslie E. Kobayashi          DATE:          10/14/2022

COURT ACTION:  EO: COURT ORDER: DENYING THE MATERNITYWISE
DEFENDANTS' MOTION TO DISMISS FOR LACK OF SUBJECT MATTER
JURISDICTION; DENYING DEFENDANTS SALDAYA AND BEST'S JOINDER IN
THE MOTION TO DISMISS; AND CONVERTING THE HEARING ON THE
MOTION TO DISMISS AND JOINDER INTO A STATUS CONFERENCE

On September 28, 2022, Defendants Anne Croudace, Jane Hopaki, and Kate
Pavlovsky ("MaternityWise Defendants") filed their Motion to Dismiss for Lack of
Subject Matter Jurisdiction ("Motion to Dismiss"). [Dkt. no. 263.] On September 29,
2022, the MaternityWise Defendants filed an errata to the Motion to Dismiss, and
Defendants Emilee Saldaya ("Saldaya") and Vivian Chau Best ("Best") filed a joinder in
the Motion to Dismiss ("Joinder"). [Dkt. nos. 266, 268.] Plaintiff Danny Gallagher
("Gallagher") filed his memorandum in opposition on October 7, 2022. [Dkt. no. 294.]
On October 12, 2022, Saldaya and Best filed a reply in support of the Motion to Dismiss,
and the MaternityWise Defendants filed their reply. [Dkt. nos. 322, 324.] The Court
finds the Motion to Dismiss and the Joinder suitable for disposition without a hearing
pursuant to Local Rule 7.1(c).

The MaternityWise Defendants argue the Court lacks subject matter jurisdiction
over this case because the $75,000 amount-in-controversy requirement for diversity
jurisdiction is not satisfied. See 28 U.S.C. § 1332(a)(1). This district court has stated:

> Generally, the amount in controversy is determined from the face of
> the pleadings, and the sum claimed by the plaintiff controls so long
> as the claim is made in good faith. Crum v. Circus Circus Enters.,
> 231 F.3d 1129, 1131 (9th Cir. 2000) (citation omitted).
>
> "To justify dismissal, 'it must appear to a legal certainty that
> the claim is really for less than the jurisdictional amount.'" Id.
> (quoting Budget Rent–A–Car, Inc. v. Higashiguchi, 109 F.3d 1471,
> 1473 (9th Cir. 1997)). The Ninth Circuit stated that such "legal
> certainty" exists "when a rule of law or limitation of damages would

make it virtually impossible for a plaintiff to meet the amount-in-controversy requirement." <u>Pachinger v. MGM Grand Hotel–Las Vegas, Inc.</u>, 802 F.2d 362, 364 (9th Cir. 1986). "Only three situations clearly meet the legal certainty standard: (1) when the terms of a contract limit the plaintiff's possible recovery; (2) when a specific rule of law or measure of damages limits the amount of damages recoverable; and (3) when independent facts show that the amount of damages was claimed merely to obtain federal court jurisdiction." <u>Id.</u> at 363.

<u>Sidman v. Young Bros.</u>, Civil No. 15–00049 DKW–BMK, 2015 WL 3965870, at *2 (D. Hawai`i June 29, 2015).

From the outset of the case, Gallagher has alleged that he is entitled to damages in excess of $75,000. <u>See, e.g.</u>, Complaint for Damages, filed 9/25/18 (dkt. no. 1), at pg. 70 ("Wherefore plaintiff prays that this court grant relief in compensatory damages against each defendant and in favor of plaintiff in the amount of $5,000.000.00 . . . ." (emphasis omitted)). The MaternityWise Defendants have not identified "independent facts" showing that Gallagher alleged those amounts "merely to obtain federal jurisdiction." <u>See</u> <u>Pachinger</u>, 802 F.2d at 363. They essentially challenge the merits of Gallagher's claims and his ability to carry his burden of proof as to his alleged damages. Those are issues to be litigated at trial, not in a motion to dismiss. The MaternityWise Defendants' Motion to Dismiss, and Saldaya and Best's Joinder are therefore DENIED.

Because this the Motion to Dismiss and the Joinder have been denied, a hearing on those matters is not necessary. The hearing on the Motion to Dismiss and the Joinder, currently scheduled for **October 14, 2022, at 2:30 p.m., by video conference**, is therefore CONVERTED to a status conference regarding trial procedure issues and Gallagher's Motion to Amend Fourth Amended Complaint for Damages and Demand for Jury Trial, [filed 10/12/22 (dkt. no. 320)].

IT IS SO ORDERED.

Submitted by: Agalelei Elkington, Courtroom Manager