# MINUTE ORDER

| | |
|---|---|
| CASE NUMBER: | CIVIL NO. 18-00364 LEK-KJM |
| CASE NAME: | Danny Gallagher vs. Anne Croudace, et al. |

| | | | |
|---|---|---|---|
| JUDGE: | Leslie E. Kobayashi | DATE: | 10/17/2022 |

COURT ACTION: **EO: COURT'S RULINGS RE DEFENDANTS ANNE CROUDACE, KATE PAVLOVSKY AND JANE HOPAKI'S MOTIONS IN LIMINE**

On October 4, 2022, Defendants Anne Croudace, Kate Pavlovsky, and Jane Hopaki (collectively "Croudace Defendants") filed five motions in limine seeking preclusion of evidence. Plaintiff Danny Gallagher ("Plaintiff") filed his respective opposition memoranda on October 11, 2022. Pro se Defendant Bethany Kirillov, pro se Defendant Stephanie Byers, and Defendants Emilee Saldaya and Vivian Chau Best did not respond to Defendants Croudace's motions.

As a preliminary matter, the Court notes that "[a] motion in limine is a procedural mechanism to limit in advance testimony or evidence in a particular area." United States v. Heller, 551 F.3d 1108, 1111 (9th Cir. 2009) (citation omitted). This Court is afforded broad discretion in adjudicating motions in limine. See Desire, LLC v. Manna Textiles, Inc., 986 F.3d 1253, 1259 (9th Cir.) (stating a district court's rulings on motions in limine are reviewed for abuse of discretion), *cert. denied*, 142 S. Ct. 343 (2021). "However, *in limine* rulings are not binding" and the Court "may always change [its] mind during the course of a trial." Ohler v. United States, 529 U.S. 753, 758 n.3 (2000) (citation omitted). Thus, motions in limine rulings are always provisional.

The Court rules as follows:

1. **Order Denying the Croudace Defendants' Motion in Limine No. 1 to Require that Plaintiff Post a Bond or Additional Security, [filed 10/4/22 (dkt. no. 280) ("Croudace Defendants' MIL No. 1")]**

In the instant motion, the Croudace Defendants seek a court order requiring Plaintiff to post a bond or additional security for costs and attorney's fees that the Croudace Defendants may be awarded after trial. See Croudace Defendants' MIL No. 1 at 2. This is not a motion in limine, which addresses "in advance testimony or evidence in a particular area." See Heller, 551 F.3d at 1111 (citation omitted). The deadline for filing motions expired long before October 4, 2022 and, on that basis, the Croudace Defendants' MIL No. 1 is DENIED.

    2.    **Order Granting in Part and Denying in Part the Croudace Defendants' Motion in Limine No. 2 to Preclude Evidence of Damages, [filed 10/4/22 (dkt. no. 281) ("Croudace Defendants' MIL No. 2")]**

In the instant motion, the Croudace Defendants seek to limit Plaintiff to evidence regarding damages only to disclosures made in discovery pursuant to Rule 26(a), Federal Rules of Civil Procedure, unless the failure to do so was harmless. See Croudace Defendants' MIL No. 2, Mem. in Supp. at 2-3.

Plaintiff, in response, agrees that he did not submit medical records and provided only some of his financial records but submits that he is permitted to testify as to his own observations about his mental and physical conditions. See Plaintiff's Mem. in Opp., filed 10/11/22 (dkt. no. 303), at 2-3 (citations omitted). He also points out that he intends to call his treating health care providers regarding their observations of him, and not as expert witnesses. [Id. at 4.]

Treating physicians are usually exempt from providing an expert opinion report, but "when a treating physician morphs into a witness hired to render expert opinions that go beyond the usual scope of a treating doctor's testimony, the proponent of the testimony must comply with Rule 26(a)(2)." Goodman v. Staples the Off. Superstore, LLC, 644 F.3d 817, 819–20 (9th Cir. 2011), *superseded by rule on other grounds, as stated in* Adams v. Roberts, CV 18-148-M-DLC, 2019 WL 6715604, at *1 n.3 (D. Mont. Dec. 10, 2019). A testing physician is thus exempt from Rule 26(a)(2)'s written report requirements so long as the opinions testified to at trial "were formed during the course of treatment." Id. at 826; see also Durham v. Cnty. of Maui, 729 F. Supp. 2d 1188, 1196 (D. Hawai`i 2010). Moreover, the expert disclosure rules were amended in 2010 to address non-retained experts who could provide expert testimony without a report. The advisory committee explained the addition of Rule 26(a)(2)(C):

> A witness who is not required to provide a report under Rule 26(a)(2)(B) may both testify as a fact witness and also provide expert testimony under Evidence Rule 702, 703, or 705. Frequent examples include physicians or other health care professionals and employees of a party who do not regularly provide expert testimony. Parties must identify such witnesses under Rule 26(a)(2)(A) and provide the disclosure required under Rule 26(a)(2)(C). . . .

Fed. R. Civ. P. 26(a)(2)(C) advisory committee's note to 2010 amendment.

Witnesses can testify as to their observations of behavior so long as they stop short of stating an opinion of a medical or psychological condition. See Crawford v. City of Bakersfield, 944 F.3d 1070, 1079 (9th Cir. 2019) (deciding that mother could testify about her observations of son's past behavior (citing Frisone v. United States, 270 F.2d 401, 403 (9th Cir. 1959) (distinguishing between a witness's admissible lay testimony "as to his faulty recollection and poor memory" and inadmissible "testimony as to the existence or treatment of a mental illness serious enough to cause permanent memory impairment," and noting that "only expert testimony will be allowed on technical questions of causation"))).

The Croudace Defendants' MIL No. 2 is DENIED IN PART to the extent that Plaintiff is permitted to testify as to his own observations about himself (*e.g.*, that he "had a worried and anxious state of mind," see Frisone, 270 F.2d at 403), and his treating medical providers may testify as expert witnesses about opinions formed during the course of treatment, and is GRANTED in all other respects, subject to the Court's ruling on the Croudace Defendants' Motion in Limine No. 5 to Preclude Witnesses Not Disclosed in Discovery, [filed 10/4/22 (dkt. no. 285) ("Croudace Defendants' MIL No. 5")].

3. **Order Granting in Part and Denying in Part the Croudace Defendants' Motion in Limine No. 3 to Preclude Testimony About Plaintiff's Alleged Physical Injuries, [filed 10/4/22 (dkt. no. 283) ("Croudace Defendants' MIL No. 3")]**

In the instant motion, the Croudace Defendants seek to preclude "testimony at trial from expert or lay witnesses from presenting testimony on any physical injuries Plaintiff allegedly suffered," and preclude any evidence of physical injuries. See Croudace Defendants' MIL No. 3, Mem. in Supp. at 1.

Plaintiff, in response, agrees that he did not submit medical records and provided only some of his financial records but submits that he and his treating medical providers are permitted to testify as to their observations about his physical conditions. See Plaintiff's Mem. in Opp., filed 10/11/22 (dkt. no. 304), at 2-3 (citations omitted).

For the same reasons stated as to the Court's ruling on the Croudace Defendants' MIL No. 2, the Croudace Defendants' MIL No. 3 is DENIED IN PART to the extent that Plaintiff is permitted to testify as to his own observations about himself, and his treating medical providers may testify as expert witnesses about opinions formed during the course of treatment, and is GRANTED in all other respects, subject to the Court's ruling on the Croudace Defendants' MIL No. 5.

4. **Order Granting in Part and Denying in Part the Croudace Defendants' Motion in Limine No. 4 to Preclude Any Opinion Testimony from Plaintiff's Medical Providers, [filed 10/4/22 (dkt. no. 284) ("Croudace Defendants' MIL No. 4")]**

In the instant motion, the Croudace Defendants seek to preclude Plaintiff's treating medical providers from giving opinion testimony. See Croudace Defendants' MIL No. 4, Mem. in Supp. at 1.

For the same reasons stated as to the Court's rulings on Croudace Defendants' MIL No. 2 and MIL No. 3, the Croudace Defendants' MIL No. 4 is DENIED IN PART to the extent that his treating medical providers may testify as expert witnesses about opinions formed during the course of treatment, including any opinions regarding causation if these opinions were formed during treatment. The Croudace Defendants' MIL No. 4 is GRANTED in all other respects, subject to the Court's ruling on the Croudace Defendants' MIL No. 5.

     **5.**     **Order Denying Without Prejudice the Croudace Defendants' Motion in Limine No. 5 to Preclude Witnesses Not Disclosed in Discovery, [filed 10/4/22 (dkt. no. 285) ("Croudace Defendants' MIL No. 5")]**

     In the instant motion, the Croudace Defendants seek to preclude Plaintiff from calling any witnesses not previously disclosed in discovery. See Croudace Defendants' MIL No. 5 at 2.

> When a party fails to make the disclosures required by Rule 26(a), the party is not allowed to use the witness to supply evidence at trial unless it establishes that the failure was substantially justified or is harmless. Fed. R. Civ. P. 37(c)(1); see also Torres v. City of L.A., 548 F.3d 1197, 1212–13 (9th Cir. 2008) (citing Yeti by Molly, Ltd. v. Deckers Outdoor Corp., 259 F.3d 1101, 1106 (9th Cir. 2001)). . . .

Goodman, 644 F.3d at 826 (9th Cir. 2011). This is not an automatic exclusion and,

> if a Rule 37(c)(1) sanction will "deal[] a fatal blow" to a party's claim, a district court must consider (1) "whether the claimed noncompliance involved willfulness, fault, or bad faith" and (2) "the availability of lesser sanctions." [R&R Sails, Inc. v. Ins. Co. of Penn., 673 F.3d 1240,] 1247 [(9th Cir. 2012)]. We usually apply these factors to Rule 37(b)(2)(A)(v) sanctions of dismissal. See, e.g., Henry v. Gill Indus., Inc., 983 F.2d 943, 946, 948 (9th Cir. 1993); Wanderer v. Johnston, 910 F.2d 652, 656 (9th Cir. 1990).

Merchant v. Corizon Health, Inc., 993 F.3d 733, 740–41 (9th Cir. 2021) (some alterations in Merchant).

> Rule 37(c)(1) authorizes district courts to impose a lesser sanction—one "[i]n addition to or instead of" exclusion—"on motion and after giving an opportunity to be heard." Fed. R. Civ. P. 37(c)(1). Accordingly, a noncompliant party must "avail himself of the opportunity to seek a lesser sanction" by formally requesting one from the district court. Vanderberg v. Petco Animal Supplies Stores, Inc., 906 F.3d 698, 705 (8th Cir. 2018). Where a party does not move for a lesser sanction, however, "the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial." Fed. R. Civ. P. 37(c)(1). In such circumstances, a district court does not abuse its discretion in excluding evidence under the plain meaning of Rule 37(c)(1). Vanderberg, 906 F.3d at 705; see also Wilson v. Bradlees of New Eng., Inc., 250 F.3d 10, 21 (1st Cir. 2001).

Id. at 741 (alteration in Merchant).

The Court notes that it has "wide latitude" under Rule 37(c)(1) and that "the burden is on the party facing sanctions to prove harmlessness." <u>Yeti by Molly</u>, 259 F.3d at 1106-07(citation omitted).

For the foregoing reasons, the Croudace Defendants' MIL No. 5 is DENIED WITHOUT PREJUDICE.

**IT IS SO ORDERED.**

Submitted by: Agalelei Elkington, Courtroom Manager