# MINUTE ORDER

CASE NUMBER: CIVIL NO. 18-00364 LEK-KJM

CASE NAME: Danny Gallagher vs. Anne Croudace, et al.

JUDGE: Leslie E. Kobayashi    DATE: 10/19/2022

COURT ACTION:  **EO: COURT'S RULINGS RE DEFENDANTS EMILEE SALDAYA AND VIVIAN CHAU BEST'S MOTIONS IN LIMINE**

On October 4, 2022, Defendants Emilee Saldaya and Vivian Chau Best (collectively "Saldaya Defendants") filed three motions in limine seeking preclusion of evidence. Plaintiff Danny Gallagher ("Plaintiff") filed his respective opposition memoranda on October 11, 2022. Pro se Defendant Bethany Kirillov, pro se Defendant Stephanie Byers, and Defendants Anne Croudace, Jane Hopaki and Kate Pavlovsky (collectively "Croudace Defendants") did not respond to the Saldaya Defendants' motions.

As a preliminary matter, the Court notes that "[a] motion in limine is a procedural mechanism to limit in advance testimony or evidence in a particular area." United States v. Heller, 551 F.3d 1108, 1111 (9th Cir. 2009) (citation omitted). This Court is afforded broad discretion in adjudicating motions in limine. See Desire, LLC v. Manna Textiles, Inc., 986 F.3d 1253, 1259 (9th Cir.) (stating a district court's rulings on motions in limine are reviewed for abuse of discretion), *cert. denied*, 142 S. Ct. 343 (2021). "However, *in limine* rulings are not binding" and the Court "may always change [its] mind during the course of a trial." Ohler v. United States, 529 U.S. 753, 758 n.3 (2000) (citation omitted). Thus, motions in limine rulings are always provisional.

The Court rules as follows:

1. **Order Granting in Part and Denying in Part the Saldaya Defendants'** *Motion in Limine No. 1* **Re: Exclusion of Evidence of Plaintiff's Damages, [filed 10/4/22 (dkt. no. 276) ("Saldaya Defendants' MIL No. 1")]**

In the instant motion, the Saldaya Defendants seek to preclude Plaintiff from presenting evidence of special damages because he "has not provided any federal and state tax returns, bank statements, or other financial documents, medical/treatment records, and medical bills for the relevant time period." [Saldaya Defendants' MIL No. 1, Mem. in Supp. at 2 (citation omitted).]

Plaintiff concedes that he did not produce tax returns and did not list any tax returns as trial exhibits. See Plaintiff's Mem. in Opp., filed 10/11/22 (dkt. no. 296), at 4. He also concedes that "he did not submit to defendants any medical records and provided only some of

his financial records." See id. at 2.  Plaintiff, however, intends to rely on his own observations of his mental state and physical condition, and his medical providers' observations.  See id. at 2-3.

Witnesses can testify as to their observations of behavior so long as they stop short of stating an opinion of a medical or psychological condition.  See Crawford v. City of Bakersfield, 944 F.3d 1070, 1079 (9th Cir. 2019) (deciding that mother could testify about her observations of son's past behavior (citing Frisone v. United States, 270 F.2d 401, 403 (9th Cir. 1959) (distinguishing between a witness's admissible lay testimony "as to his faulty recollection and poor memory" and inadmissible "testimony as to the existence or treatment of a mental illness serious enough to cause permanent memory impairment," and noting that "only expert testimony will be allowed on technical questions of causation"))).

Plaintiff is therefore permitted to testify as to his own observations about his mental state and physical condition but is not permitted to testify as to any diagnosis.  In this respect, the Saldaya Defendants' MIL No. 1 is DENIED IN PART.

Treating physicians are usually exempt from providing an expert opinion report, but "when a treating physician morphs into a witness hired to render expert opinions that go beyond the usual scope of a treating doctor's testimony, the proponent of the testimony must comply with Rule 26(a)(2)."  Goodman v. Staples the Off. Superstore, LLC, 644 F.3d 817, 819–20 (9th Cir. 2011), *superseded by rule on other grounds, as stated in* Adams v. Roberts, CV 18-148-M-DLC, 2019 WL 6715604, at *1 n.3 (D. Mont. Dec. 10, 2019).  A testing physician is thus exempt from Rule 26(a)(2)'s written report requirements so long as the opinions testified to at trial "were formed during the course of treatment."  Id. at 826; see also Durham v. Cnty. of Maui, 729 F. Supp. 2d 1188, 1196 (D. Hawai`i 2010).  Moreover, the expert disclosure rules were amended in 2010 to address non-retained experts who could provide expert testimony without a report.  The advisory committee explained the addition of Rule 26(a)(2)(C):

> A witness who is not required to provide a report under Rule 26(a)(2)(B) may both testify as a fact witness and also provide expert testimony under Evidence Rule 702, 703, or 705.  Frequent examples include physicians or other health care professionals and employees of a party who do not regularly provide expert testimony.  Parties must identify such witnesses under Rule 26(a)(2)(A) and provide the disclosure required under Rule 26(a)(2)(C). . . .

Fed. R. Civ. P. 26(a)(2)(C) advisory committee's note to 2010 amendment.  The rule applicable to treating medical providers require disclosure as follows:

> (C)   Witnesses Who Do Not Provide a Written Report.  Unless otherwise stipulated or ordered by the court, if the witness is not required to provide a written report, this disclosure must state:
>
> (i)   the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705; and

>   (ii)   a summary of the facts and opinions to which the witness is expected to testify.

Fed. R. Civ. P. 26(a)(2)(C).

Provided that Plaintiff's treating medical providers were disclosed as required by Rule 26(a)(2)(c), they will be permitted to testify as expert witnesses about their observations and conclusions formed in the course of treatment. In this respect, the Saldaya Defendants' MIL No. 1 is DENIED IN PART.

Provided that Plaintiff disclosed some financial records relating to his claim for special damages, the Saldaya Defendants' MIL No. 1 in this respect is DENIED IN PART as to the information provided in the financial records disclosed.

If Plaintiff failed to make the requisite disclosures regarding damages, that evidence may be precluded:

> When a party fails to make the disclosures required by Rule 26(a), the party is not allowed to use the witness to supply evidence at trial unless it establishes that the failure was substantially justified or is harmless. Fed. R. Civ. P. 37(c)(1); see also Torres v. City of L.A., 548 F.3d 1197, 1212–13 (9th Cir. 2008) (citing Yeti by Molly, Ltd. v. Deckers Outdoor Corp., 259 F.3d 1101, 1106 (9th Cir. 2001))....

Goodman, 644 F.3d at 826 (9th Cir. 2011). This is not an automatic exclusion and,

> if a Rule 37(c)(1) sanction will "deal[] a fatal blow" to a party's claim, a district court must consider (1) "whether the claimed noncompliance involved willfulness, fault, or bad faith" and (2) "the availability of lesser sanctions." [R&R Sails, Inc. v. Ins. Co. of Penn., 673 F.3d 1240,] 1247 [(9th Cir. 2012)]. We usually apply these factors to Rule 37(b)(2)(A)(v) sanctions of dismissal. See, e.g., Henry v. Gill Indus., Inc., 983 F.2d 943, 946, 948 (9th Cir. 1993); Wanderer v. Johnston, 910 F.2d 652, 656 (9th Cir. 1990).

Merchant v. Corizon Health, Inc., 993 F.3d 733, 740–41 (9th Cir. 2021) (some alterations in Merchant).

> Rule 37(c)(1) authorizes district courts to impose a lesser sanction—one "[i]n addition to or instead of" exclusion—"on motion and after giving an opportunity to be heard." Fed. R. Civ. P. 37(c)(1). Accordingly, a noncompliant party must "avail himself of the opportunity to seek a lesser sanction" by formally requesting one from the district court. Vanderberg v. Petco Animal Supplies Stores, Inc., 906 F.3d 698, 705 (8th Cir. 2018). Where a party does not move for a lesser sanction, however, "the party is not allowed to use that information or witness to supply

> evidence on a motion, at a hearing, or at a trial." Fed. R. Civ. P. 37(c)(1). In such circumstances, a district court does not abuse its discretion in excluding evidence under the plain meaning of Rule 37(c)(1). Vanderberg, 906 F.3d at 705; see also Wilson v. Bradlees of New Eng., Inc., 250 F.3d 10, 21 (1st Cir. 2001).

Id. at 741 (alteration in Merchant).

The Court notes that it has "wide latitude" under Rule 37(c)(1) and that "the burden is on the party facing sanctions to prove harmlessness." Yeti by Molly, 259 F.3d at 1106-07(citation omitted).

Unless Plaintiff meets his burden of harmlessness or demonstrating a lesser sanction is appropriate, the Saldaya Defendants' MIL No. 1 is GRANTED in all other respects.

**2.      Order Granting in Part and Denying in Part the Saldaya Defendants'** *Motion in Limine No. 2* **Re: Exclusion of Plaintiff's Treating Providers, [filed 10/4/22 (dkt. no. 277) ("Saldaya Defendants' MIL No. 2")]**

In the instant motion, the Saldaya Defendants seek to preclude from Plaintiff from presenting any testimony or opinions by his treating physicians because his medical records were never produced. See Saldaya Defendants' MIL No. 2, Mem. in Supp. at 4-5.

Plaintiff, in response, agrees that he did not submit medical records and provided only some of his financial records but submits that he is permitted to testify as to his own observations about his mental and physical conditions. See Plaintiff's Mem. in Opp., filed 10/11/22 (dkt. no. 29 at 2-3 (citations omitted).

Treating physicians are usually exempt from providing an expert opinion report, but "when a treating physician morphs into a witness hired to render expert opinions that go beyond the usual scope of a treating doctor's testimony, the proponent of the testimony must comply with Rule 26(a)(2)." Goodman v. Staples the Off. Superstore, LLC, 644 F.3d 817, 819–20 (9th Cir. 2011), *superseded by rule on other grounds, as stated in* Adams v. Roberts, CV 18-148-M-DLC, 2019 WL 6715604, at *1 n.3 (D. Mont. Dec. 10, 2019). A testing physician is thus exempt from Rule 26(a)(2)'s written report requirements so long as the opinions testified to at trial "were formed during the course of treatment." Id. at 826; see also Durham v. Cnty. of Maui, 729 F. Supp. 2d 1188, 1196 (D. Hawai`i 2010). Moreover, the expert disclosure rules were amended in 2010 to address non-retained experts who could provide expert testimony without a report. The advisory committee explained the addition of Rule 26(a)(2)(C):

> A witness who is not required to provide a report under Rule 26(a)(2)(B) may both testify as a fact witness and also provide expert testimony under Evidence Rule 702, 703, or 705. Frequent examples include physicians or other health care professionals and employees of a party who do not regularly provide expert testimony. Parties must identify such witnesses under Rule 26(a)(2)(A) and provide the disclosure required under Rule 26(a)(2)(C). . . .

Fed. R. Civ. P. 26(a)(2)(C) advisory committee's note to 2010 amendment. The rule applicable to treating medical providers require disclosure as follows:

> (C) Witnesses Who Do Not Provide a Written Report. Unless otherwise stipulated or ordered by the court, if the witness is not required to provide a written report, this disclosure must state:
>
>> (i) the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705; and
>>
>> (ii) a summary of the facts and opinions to which the witness is expected to testify.

Fed. R. Civ. P. 26(a)(2)(C). There is no requirement for production of medical records.

Provided that Plaintiff's treating medical providers were disclosed as required by Rule 26(a)(2)(c), they will be permitted to testify as expert witnesses about their observations and conclusions formed in the course of treatment. In this respect, the Saldaya Defendants' MIL No. 2 is DENIED IN PART.

If Plaintiff failed to make the requisite disclosures regarding damages, that evidence may be precluded:

> When a party fails to make the disclosures required by Rule 26(a), the party is not allowed to use the witness to supply evidence at trial unless it establishes that the failure was substantially justified or is harmless. Fed. R. Civ. P. 37(c)(1); see also Torres v. City of L.A., 548 F.3d 1197, 1212–13 (9th Cir. 2008) (citing Yeti by Molly, Ltd. v. Deckers Outdoor Corp., 259 F.3d 1101, 1106 (9th Cir. 2001)). . . .

Goodman, 644 F.3d at 826 (9th Cir. 2011). This is not an automatic exclusion and,

> if a Rule 37(c)(1) sanction will "deal[] a fatal blow" to a party's claim, a district court must consider (1) "whether the claimed noncompliance involved willfulness, fault, or bad faith" and (2) "the availability of lesser sanctions." [R&R Sails, Inc. v. Ins. Co. of Penn., 673 F.3d 1240,] 1247 [(9th Cir. 2012)]. We usually apply these factors to Rule 37(b)(2)(A)(v) sanctions of dismissal. See, e.g., Henry v. Gill Indus., Inc., 983 F.2d 943, 946, 948 (9th Cir. 1993); Wanderer v. Johnston, 910 F.2d 652, 656 (9th Cir. 1990).

Merchant v. Corizon Health, Inc., 993 F.3d 733, 740–41 (9th Cir. 2021) (some alterations in Merchant).

> Rule 37(c)(1) authorizes district courts to impose a lesser sanction—one "[i]n addition to or instead of" exclusion—"on

> motion and after giving an opportunity to be heard." Fed. R. Civ.
> P. 37(c)(1). Accordingly, a noncompliant party must "avail
> himself of the opportunity to seek a lesser sanction" by formally
> requesting one from the district court. Vanderberg v. Petco
> Animal Supplies Stores, Inc., 906 F.3d 698, 705 (8th Cir. 2018).
> Where a party does not move for a lesser sanction, however, "the
> party is not allowed to use that information or witness to supply
> evidence on a motion, at a hearing, or at a trial." Fed. R. Civ.
> P. 37(c)(1). In such circumstances, a district court does not abuse
> its discretion in excluding evidence under the plain meaning of
> Rule 37(c)(1). Vanderberg, 906 F.3d at 705; see also Wilson v.
> Bradlees of New Eng., Inc., 250 F.3d 10, 21 (1st Cir. 2001).

Id. at 741 (alteration in Merchant).

The Court notes that it has "wide latitude" under Rule 37(c)(1) and that "the burden is on the party facing sanctions to prove harmlessness." Yeti by Molly, 259 F.3d at 1106-07(citation omitted).

Unless Plaintiff meets his burden of harmlessness or demonstrating a lesser sanction is appropriate, the Saldaya Defendants' MIL No. 2 is GRANTED in all other respects.

3. **Order Granting in Part and Denying in Part the Saldaya Defendants'** *Motion in Limine No. 3* **Re: Exclusion of Certain Testimony and Evidence Regarding Emilee Saldaya, [filed 10/4/22 (dkt. no. 278) ("Saldaya Defendants' MIL No. 3")]**

In the instant motion, the Saldaya Defendants seek to preclude evidence and testimony regarding Defendant Emilee Saldaya's ("Saldaya") "alleged involvement with the death of infants in her capacity as founder of the Free Birth Society[.]" [Saldaya Defendants' MIL No. 3, Mem. in Supp. at 7.] She argues that the evidence is not relevant to the claims made by Plaintiff and that any probative value is outweighed by undue prejudice and other factors pursuant to Rule 403, Federal Rules of Evidence. [Id. at 7-8.]

Plaintiff, however, argues that Saldaya published statements that Plaintiff was "a danger to the birthing world" while, during the relevant time period, Saldaya engaged in "dangerous practices of birthing" that resulted in advising a mother in labor who tragically gave birth to a newborn who died days after birth. [Plaintiff's Mem. in Opp., filed 10/11/22 (dkt. no. 298), at 3.] Additionally, Plaintiff argues that the evidence is admissible for impeachment purposes pursuant to Rules 607 and 404(b), Federal Rules of Evidence. [Id. at 4.]

The Court applies the Federal Rules of Evidence regarding the admissibility of evidence at trial:

> The Federal Rules of Evidence govern the admissibility of
> evidence at trial. All relevant evidence is admissible unless otherwise
> stated by the constitution, statute or other federal rules. See Fed. R.

> Evid. 402.  Evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401.  In other words, "[r]elevancy simply requires that the evidence logically advance a material aspect of the party's case." United States v. Ruvalcaba-Garcia, 923 F.3d 1183, 1188 (9th Cir. 2019) (internal quotations omitted).  More generally, the Supreme Court has observed that the "basic standard of relevance under the Federal Rules of Evidence is a liberal one." Daubert v. Merrell Dow Pharms., 509 U.S. 579, 587, 113 S. Ct. 2786, 125 L. Ed. 2d 469 (1993).
>
> That said, even if evidence is relevant, it may be excluded under Rule 403, "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403.  Unfair prejudice "speaks to the capacity of some concededly relevant evidence to lure the factfinder into declaring guilt on a ground different from proof specific to the offense charged." Old Chief v. United States, 519 U.S. 172, 180, 117 S. Ct. 644, 136 L. Ed. 2d 574 (1997).
>
> Finally, under Rule 404(b), evidence of any other crime, wrong, or act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b)(1).  But that evidence may be admissible if it is relevant to a permissible purpose, "such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2).

United States v. Babichenko, Case No. 1:18-cr-00258-BLW, 2022 WL 1396752, at *1–2 (D. Idaho May 3, 2022) (alteration in Babichenko).

If Saldaya's testimony includes any statement or opinion that Plaintiff was "a danger to the birthing world," and Saldaya formed that belief or opinion based on information that Plaintiff was using his work as a photographer and doula to produce pornographic images, then Saldaya's alleged involvement in any infant morbidity incident is not relevant to the formation and publication of her belief or opinion about Plaintiff.  What Plaintiff alleges is the danger to the "birthing world" that Saldaya presented is dissimilar in nature to the danger Saldaya asserted Plaintiff presented.  If the suspected production of pornography is the basis of Saldaya's allegedly defamatory statement, any evidence or testimony regarding Saldaya's alleged involvement in advising mothers in labor who subsequently experienced infant morbidity related to childbirth will be inadmissible.  The Saldaya Defendants' MIL No. 3 is GRANTED in that respect.  The Saldaya Defendants' MIL No. 3 is also GRANTED insofar as Plaintiff may not present evidence or elicit testimony about Saldaya's alleged involvement in any infant morbidity incident as part of Plaintiff's general challenge to Saldaya's credibility as a witness.

If Saldaya testifies that her statement or opinion that Plaintiff was "a danger to the birthing world," was based on her experience and background in the "birthing world," her experience and background are relevant, under Rule 404(b), to her motive and knowledge in making the statements about Plaintiff that are in issue.  See Fed. R. Evid. 404(b).  However, the evidence regarding Saldaya's alleged involvement in infant morbidity incidents may still be excluded under Rule 403, Federal Rules of Evidence.  The death of any newborn is shocking and tragic, and multiple factors may have contributed to the newborn's death.  Thus, the probative value of Saldaya's alleged involvement will only outweigh the danger of unfair prejudice or jury confusion if the infant morbidity incident occurred within a reasonable time after Saldaya allegedly advised the mother in labor, the mother followed Saldaya's advice, **and** the incident occurred during the time period relevant to the making of the allegedly defamatory statements regarding Plaintiff.  To the extent that Plaintiff can establish these circumstances, the evidence will be admissible at trial.  The Saldaya Defendants' MIL No. 3 is DENIED in that respect.

Thus, if Saldaya testifies (or other evidence is given) that she published statements to the effect that Plaintiff was a danger to pregnant women or was a danger to the birthing world, then Plaintiff will be permitted to inquire about Saldaya's experience and background in the Free Birth Society, and any instances in which she **personally** was involved in advising mothers in labor who subsequently experienced infant morbidity related to childbirth.  These instances must be first established as being relevant in time to the allegedly defamatory statements that are attributed to her.

For the foregoing reasons, the Saldaya Defendants' MIL No. 3 is GRANTED IN PART AND DENIED IN PART.

**IT IS SO ORDERED.**


Submitted by: Agalelei Elkington, Courtroom Manager