UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | |
|---|---|
| DANNY GALLAGHER,<br><br>         Plaintiff,<br><br>   vs.<br><br>MATERNITYWISE INTERNATIONAL, LLC, ANNE CROUDACE, ELIZBETH ANOATUBBY, EMILEE SALDAYA, RACHAEL BROWN, JENNA CHIDESTER, STEPHANIE GILBERT, JORDAN ASHLEY HOCKER, BETHANY KIRILLOVA, SAMANTHA LAJOIE, AERIN LUND, KATE PAVLOVSKY, CHANNA JAYDE WALZ, MADDISON WEIKLE, ESME WHRITENOUR, NICOLETTE RAYMOND, ELIZABETH GEFTAKYS, JULIE BELL, CARA GWIZD, HOLLY LEPPARD-WESTHAVER, ELOISE VICTORIA, JANE DOE ONE,  JANE DOE TWO, JANE DOE THREE,  DOES 1-10, INCLUSIVE;<br><br>         Defendants. | CIV. NO. 18-00364 LEK-KJM |

**ORDER GRANTING DEFENDANT ANNE CROUDACE'S**
**<u>ORAL MOTION FOR JUDGMENT AS A MATTER OF LAW</u>**

The facts of the lawsuit are well-known to the parties and the Court will not repeat them here, except as pertinent to its ruling.  Plaintiff Danny Gallagher ("Plaintiff") brings defamation claims against Defendant Anne Croudace ("Croudace").[1]

---

[1] Anne Croudace now goes by Anne Wallen.  However, at the time of the events at issue in this case, she went by Anne Croudace and her counsel has not sought to correct her name.

See Fourth Amended Complaint for Damages, filed 5/22/19 (dkt. no. 79) ("Fourth Amended Complaint").

Jury trial in this matter commenced on October 24, 2022.  Plaintiff presented evidence and rested his case on October 31, 2022.  Croudace submits that she is entitled to judgment as a matter of law pursuant to Rule 50(a)(1).  See Fed. R. Civ. P. 50(a)(1).

The sole statement attributed to Croudace as being defamatory is that she "liked" a review post on FaceBook by another person on June 4, 2018.

**LEGAL STANDARDS**

I.   **Judgment as a Matter of Law**

Rule 50(a)(1) states: "If a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue, the court may . . . resolve the issue against the party[.]"

> The standard for judgment as a matter of law mirrors that for granting summary judgment. Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 149-50 (2000).  The Court may not make credibility determinations or weigh evidence when ruling on a motion for judgment as a matter of law.  Id. at 149. The Court must view the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in that party's favor when evaluating a motion for judgment as a matter of law. Josephs v. Pac. Bell, 443 F.3d 1050, 1062 (9th Cir. 2006).

> A district court can grant a Rule 50(a) motion for judgment as a matter of law only if there is no legally sufficient basis for a reasonable jury to find for that party on that issue. Krechman v. Cnty. of Riverside, 723 F.3d 1104, 1109 (9th Cir. 2013).

Silva v. Chung, No. CV 15-00436 HG-KJM, 2019 WL 11234196, at *1 (D. Hawai`i June 19, 2019).

## II. **Defamation**

Plaintiff brings the instant action against the defendants based on diversity. See Fourth Amended Complaint at ¶ 1. A federal court sitting in diversity must apply state substantive law. See Erie R.R. Co. v. Tompkins, 304 U.S. 64 (1938). This Court has stated that, under Hawai`i law, there are

> four elements necessary to sustain a claim for defamation:
>
> (1) a false and defamatory statement concerning another;
>
> (2) an unprivileged publication to a third party;
>
> (3) fault amounting at least to negligence on the part of the publisher [actual malice where the plaintiff is a public figure]; and
>
> (4) either actionability of the statement irrespective of special harm or the existence of special harm caused by the publication.
>
> Gold v. Harrison, 88 Hawai`i 94, 100, 962 P.2d 353, 359 (1998) . . . .

3

> Gonsalves v. Nissan Motor Corp. in Hawai`i, 100 Hawai`i 149, 171, 58 P.3d 1196, 1218 (2002) (some alterations in Gonsalves).
>
> . . . .
>
> "The threshold issue in defamation cases is whether, as a matter of law, the statements at issue are reasonably susceptible of a defamatory meaning." Gold, 88 Hawai`i at 101, 962 P.2d at 360 (citing Fernandes v. Tenbruggencate, 65 Haw. 226, 228, 649 P.2d 1144, 1147 (Haw. 1982)). . . .

[Order Granting in Part and Denying in Part Defendants' Motion for Summary Judgment and Joinders Therein was issued, filed 1/27/21 (dkt. no. 214) ("Summary Judgment Order"),[2] at 36-37 (some alterations in Summary Judgment Order) (some citations omitted).]

> "Pure opinions" — opinions that do not imply facts capable of being proved true or false — are protected by the First Amendment, and are not actionable. Milkovich v. Lorain Journal Co., 497 U.S. 1, 19, 110 S. Ct. 2695, 111 L. Ed. 2d 1 (1990); Unelko Corp. v. Rooney, 912 F.2d 1049, 1053 (9th Cir. 1990). At minimum, a statement must express or imply a verifiably false fact about the plaintiff. Milkovich, 497 U.S. at 19-20, 110 S. Ct. 2695. Hawaii has adopted the Ninth Circuit's three-part test for determining whether a statement constitutes non-actionable opinion or an assertion of objective fact: "(1) whether the general tenor of the entire work negates the impression that the defendant was asserting an objective fact, (2) whether the defendant used figurative or hyperbolic language that negates that impression, and (3) whether the statement in question is susceptible of being proved true or false." Gold v. Harrison, 88

---

[2] The Summary Judgment Order is also available at 2021 WL 276975.

>    Hawai`i 94, 101, 962 P.2d 353, 360 (1998)
>    (quoting Fasi v. Gannett Co., Inc., 930 F. Supp.
>    1403, 1409 (D. Haw. 1995)); Partington v.
>    Bugliosi, 56 F.3d 1147, 1153 (9th Cir. 1995).
>    Whether a statement is an opinion is a question
>    of law. Partington, 56 F.3d at 1156.
>
>    Moreover, even if a statement falls outside
>    the category of "pure opinion," it must be
>    reasonably susceptible of a defamatory meaning to
>    be actionable. Gold v. Harrison, 88 Hawai`i 94,
>    101, 962 P.2d 353, 360 (1998) (citing Fernandes
>    v. Tenbruggencate, 65 Haw. 226, 228, 649 P.2d
>    1144, 1147 (1982)). A statement has defamatory
>    meaning when it tends to "harm the reputation of
>    another as to lower him in the estimation of the
>    community or deter third persons from associating
>    or dealing with him." Fernandes, 65 Haw. at 228,
>    649 P.2d at 1147 (quoting Restatement (Second) of
>    Torts § 559 (1976)). The test for defamatory
>    meaning is an objective one. Howard v.
>    Daiichiya-Love's Bakery, Inc., 714 F. Supp. 1108,
>    1114 (D. Haw. 1989). If the court finds that the
>    statements are not reasonably susceptible of the
>    defamatory meaning ascribed to it by the
>    plaintiff, the defamation claim should not be put
>    before the trier of fact. Fernandes, 65 Haw. at
>    228 n.1, 649 P.2d at 1147 n.1 (citing Restatement
>    (Second) of Torts § 614 cmt. b).

Miracle v. New Yorker Mag., 190 F. Supp. 2d 1192, 1198-99 (D. Hawai`i 2001).

### DISCUSSION

Plaintiff alleges that Croudace indicated that she "liked" a review on Facebook that was posted by Jess Young ("Young") on Plaintiff's Facebook page known as the "Danny the Doula" page ("Young Review"). The Young Review states:

>    This man is a predator, luring women into nude
>    photo shoots, refusing to return paid-for

5

> photographs from session [sic] over a year later, selling women's nakedness to other males.
>
> After he has groomed a group of females, he pits them against one another and quietly messages individual women he has targeted as financially or emotionally struggling, and tries coercing them into sexualized photos and videos for his profit. There are screenshot after screenshot of this behavior, with multiple women. The only women speaking up for him are the ones he has groomed fully and have not been contacted about sex work for him, yet. They are victims of his as much as anyone else involved. The fact that they are demanding evidence beyond what has already been given, shows what a masterful work this man has done to keep women from protecting one another in the birthing community.
>
> He is a predator - beware.

[Tr. Exh. 9 at PC010063.] For purposes of Croudace's Rule 50(a) motion, this Court assumes that the Young Review contains one or more defamatory statements.

"Facebook is an online social network where members develop personalized web profiles to interact and share information with other members." Lane v. Facebook, Inc., 696 F.3d 811, 816 (9th Cir. 2012). Members can share various types of information, including "news headlines, photographs, videos, personal stories, and activity updates." Id.

"Clicking **Like** below a post on Facebook is a way to let people know that you enjoy it without leaving a comment." Facebook Help Center, WHAT DOES IT MEAN TO LIKE SOMETHING ON FACEBOOK?,

6

www.facebook.com/help/110920455663362, (last visited Oct. 28, 2022) (emphasis in original).

Legal commentators have urged the recognition of a "Like" on Facebook as constituting speech. See Leigh Ellen Gray, Thumb War: The Facebook "Like" Button and Free Speech in the Era of Social Networking, 7 CHARLESTON L. REV. 447, 480-82 (2013) (discussing a split in courts on whether Liking of post on Facebook is speech for purposes of retaliatory firing).

Thus, the threshold issue is whether, as a matter of law, Croudace's act of "liking" the Young Review is "reasonably susceptible of a defamatory meaning." See Summary Judgment Order, 2021 WL 276975, at *14 (quotation marks and citation omitted). As previously noted, under the Erie doctrine, Hawai`i law applies to Plaintiff's defamation claims.

> When interpreting state law, federal courts are bound by decisions of the state's highest court. In the absence of such a decision, a federal court must predict how the highest state court would decide the issue using intermediate appellate court decisions, decisions from other jurisdictions, statutes, treatises, and restatements as guidance.

Trishan Air, Inc. v. Fed. Ins. Co., 635 F.3d 422, 427 (9th Cir. 2011) (citations and internal quotation marks omitted).

The Hawai`i Supreme Court has not addressed the issue of whether a Facebook "Like" of a post containing a defamatory statement can, by itself, be a statement for purposes of a

7

defamation claim.  Considering the defamation principles that are well-established in Hawai`i law, this Court predicts that, under facts similar to the circumstances of this case, the Hawai`i Supreme Court would hold that clicking "Like" on a Facebook post that contains a defamatory statement does not constitute adoption or republication of the post.  This Court therefore concludes that, even viewing the evidence in the light most favorable to Plaintiff and drawing all reasonable inferences in his favor, there is no legally sufficient basis for a reasonable jury to find in Plaintiff's favor as to his defamation claims against Croudace in the Fourth Amended Complaint.

    This Court therefore grants judgment as a matter of law in favor of Croudace as to all of Plaintiff's defamation claims: Count I - libel; Count II - libel per se; Count III - trade libel; and Count IV - false light.

    Where a plaintiff's defamation claim fails as a matter of law, the plaintiff's tort claims that are based on the same allegedly defamatory statement also fail.  See Summary Judgment Order, 2021 WL 276975, at *25 (some citations omitted) (citing Dworkin v. Hustler Magazine, Inc., 867 F.2d 1188, 1193 n.2 (9th Cir. 1989); Leidholdt v. L.F.P. Inc., 860 F.2d 890, 893 n.4 (9th Cir. 1988); Gold, 88 Hawai`i at 103, 962 P.2d at 362).  This Court therefore grants judgment as a matter of law in favor of

Croudace as to Count V - intentional infliction of emotional distress; Count VI - negligent infliction of emotional distress; Count VII - Plaintiff's claim for injunctive relief; and Count VIII - Plaintiff's claim for declaratory relief.

## CONCLUSION

For the foregoing reasons, Defendant Anne Croudace's oral motion for judgment as a matter of law, pursuant to Rule 50(a)(1) of the Federal Rules of Civil Procedure is HEREBY GRANTED.  Judgment as a matter of law is GRANTED in Croudace's favor as to all of Plaintiff's claims.  The Clerk's Office is DIRECTED to terminate Croudace as a party on **November 16, 2022,** unless Plaintiff files a timely motion for reconsideration of this Order.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, November 1, 2022.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**DANNY GALLAGER VS. ANNE CROUDACE, ET AL; CV 18-00364 LEK-KJM; ORDER GRANTING DEFENDANT ANNE CROUDACE'S ORAL MOTION FOR JUDGMENT AS A MATTER OF LAW**